NO. 07-00-00353-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 5, 2000

______________________________

JONATHAN CLEMENS, APPELLANT

V.

J. CHRIS ALLEN, APPELLEE

_________________________________

FROM THE 11TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 98-46478; HONORABLE MARK DAVIDSON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Jonathan Clemens appeals from a summary judgment in favor of J. Chris Allen.  By two issues Clemens urges that the trial court erred in granting summary judgment because (1) one prior motion for summary judgment was denied, and (2) appellee denied Clemens the right to take a deposition before the motion for summary judgment was heard and granted.  We dismiss the appeal.

BACKGROUND

Appellant Jonathan Clemens appeals from a summary judgment in favor of appellee J. Chris Allen.  The clerk of this court (the “appellate clerk”) received appellant’s 
pro se
 brief on October 2, 2000.  The brief fails to comply with 
Tex. R. App. P.
 38
(footnote: 1) in various ways.  For example, the brief contains a Statement of the Case which references the nature of the case as originally being based on “defamatory acts and omissions” of appellee, and references both the final summary judgment appealed from and a prior partial summary judgment.  References are not made to the appellate record, which consists of a clerk’s record of two volumes containing 347 pages. The brief contains an Argument in which appellant “relies on the entire Record of this case” yet posits that “the Trial Court has virtually made much of the Record irrelevant to the [appellate] issues.” The Argument asserts that “Appellant sees the decisions of the judge in the two motion hearings as of prime importance in this appeal,” and generally references “new documents” filed by appellee in support of his supplemental motion for summary judgment.  The Argument contains no references to the record or authorities, other than to note that 
Tex. R. Civ. P
. 166a
(footnote: 2) calls for summary judgments to be based on documents, pleadings and evidence on file at the time of judgment, and to allege that the rule does not allow for multiple motions for summary judgment.       

By letter from the appellate clerk dated October 17, 2000, appellant was advised that his brief had not been filed because it did not comply with Rule 38.1.  Appellant was directed to correct the deficiencies in his brief and to submit such corrections no later than November 20, 2000.  On November 9, 2000, appellee filed a Motion to Dismiss Appeal.  The basis for the motion was that appellant’s brief was not timely filed, and that it did not meet the requirements of the Rules of Appellate Procedure.   

On November 22, 2000, the appellate clerk received appellant’s Answer to Motion to Dismiss, and a letter response to the clerk’s letter of October 17, 2000.  The response to the clerk’s letter outlines appellant’s limited amount of time available to work on his brief because of the requirements of his job.  The letter also asserts that (1) no specific deficiencies in his brief were identified in the clerk’s letter, (2) appellant could not identify the implied deficiencies in the letter, (3) appellant made the correct points in his brief, (4) no harm can come from the deficiencies in his brief, and (5) this court should clarify the deficiencies referred to or accept the brief as written.  No corrections or additions to the original appellant’s brief were submitted. 

LAW

Requisites of appellate briefs are specified in Rule 38.  Rule 38 specifies that briefs must comply with specified requirements set out in detail in the Rule.  Rule 38.1.  Among other requisites, an appellant’s brief is required to contain (1) a Statement of the Case which states concisely the nature of the case, such as whether the case is a suit for damages, on a note, or involving a murder prosecution, and which should be supported by record references, (2) a Statement of Facts which states the facts pertinent to the issues or points presented, with record references, and (3) an argument for the contentions made, with appropriate citations to authorities and to the record.  Rule 38.1(d), (f), (h).  Substantial compliance with Rule 38 is acceptable.  
See
 Rule 38.9.  In the event a brief does not comply with Rule 38, an appellate court may require amendment, supplementation or redrawing of the brief.  Failure to take corrective action by an appellant whose brief remains in noncompliance with Rule 38 may result in appropriate action by the appellate court, including proceeding as if the offending party failed to file a brief.  Rule 38.9(a); 
see
 
Inpetco v. Texas Am. Bank/Houston, N.A.
, 729 S.W.2d 300 (Tex. 1987).  If an appellant in a civil case fails to timely file a brief, one option available to the appellate court is to dismiss the appeal for want of prosecution. Rule 38.8. 

Texas courts do not maintain separate sets of procedural rules for litigants with counsel and for litigants representing themselves.  
Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 184-85 (Tex. 1978).  Litigants representing themselves must comply with the same procedural rules as are applicable to represented parties.  
Id
.   

ANALYSIS

Appellant’s brief does not identify how the trial court’s summary judgment consideration and ruling failed to comply with TRCP 166a, other than to present argument, without authority, that it is improper for a litigant to file a second or supplemental motion for summary judgment.  The brief does not at any point reference a specific page in the 347-page record, or a particular document in the record.  Appellant does not contest any specific evidence submitted by appellee in support of the motion for summary judgment.  No authorities are cited in the brief other than general references to TRCP 166a.

Appellant’s response to the clerk’s notice that his brief was not in compliance with Rule 38.1 did nothing to meet or correct the lack of compliance.  The response is inadequate, as is appellant’s brief.    

CONCLUSION

The appeal is dismissed for want of prosecution.  Rule 38.8, 38.9, 43.2(f). Appellee’s Motion to Dismiss Appeal is denied as moot. 

Phil Johnson

    Justice 

Publish.

FOOTNOTES
1:
Further references to a particular appellate rule will be by reference to “Rule_.”

2:
Further references to a particular rule of civil procedure will be by reference to “TRCP_.”