GUERRERO V STATE



NO. 07-01-0413-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 20, 2002


______________________________



JUAN MANUEL GUERRERO
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 338TH DISTRICT COURT OF HARRIS COUNTY;



NO. 737,398; HON. ELSA ALCALA, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Juan Manuel Guerrero (appellant) appeals from an order revoking his community
supervision and sentencing him to two years imprisonment. His appointed counsel,
however, has filed 1) a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
18 L. Ed.2d 493 (1967) representing that the appeal lacked merit and 2) a motion
requesting leave to withdraw as counsel. The record illustrates that said documents were
served upon appellant. So too was appellant informed in writing, by both his counsel and
this court, of appellant's right to peruse the record and submit a pro se response or brief. 
The deadline by which appellant had to comply was February 19, 2002. To date, we have
received no pro se response or brief from appellant nor any communication indicating in
any way that he cares to file same.

 With regard to the Anders brief, appellant's counsel stated that she diligently
reviewed the record and that, in her opinion, it reflected no reversible error or arguable
grounds for appeal. So too did she discuss why, under the controlling authority, there was
no reversible error below. High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). 
Then, she concluded that the appeal was without merit.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal as per Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988) and Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), and found none. Therefore, counsel's assessment of the appeal is accurate.

 Having found no error, we grant the pending motion to withdraw and affirm the final
judgment entered below. 

 

 Brian Quinn 

 Justice 

 

 

Do not publish. 



 underline">Clemens v. Allen, 47
S.W.3d 26, 28 (Tex.App.-Amarillo 2000, no pet.). 

 Appellate courts accept substantial compliance with briefing rules. See TRAP 38.9. 
In the event a brief does not comply with TRAP 38, an appellate court may require
amendment, supplementation or redrawing of the brief. Appropriate action by the appellate
court may be taken in regard to an appellant's failure to take corrective action as to
appellant's brief as directed by the court when the brief remains in noncompliance with
TRAP 38. Such action may include proceeding as if the offending party failed to file a brief,
see TRAP 38.9(a), and dismissing the appeal for want of prosecution. Clemens, 47
S.W.3d at 28. 

 Colson's brief does not substantially comply with the appellate briefing rules. We
dismiss the appeal for want of prosecution. (2)


 Phil Johnson

 Chief Justice



 

 





 
1. 
"" 
2. 
 
 
- 
 - '