**Leonarda SALAZAR, Individually and as Representative of the Estate of Selerina Delgado, Deceased, Margarito Delgado, and Hidalia Castillo, Appellants,**

**v.**

**Edmundo CANALES, M.D., Savita Koolwall, M.D., Juan F. Jimenez Chapa, M.D., and McAllen Medical Center, Appellees.**

**No. 13–00–573–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 22, 2002.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

---

861

Kelly K. McKinnis, McAllen, for Appellants.

Clay E. Coalson, M.W. Meredith, Jr., Meredith, Donnell & Abernethy, Corpus Christi, James Kevin Oncken, Uzick & Oncken, P.C., San Antonio, Joe Gamez, McAllen, John R. Lyde, Brin & Brin, P.C., Edinburg, Linda C. Breck, Thomas F. Nye, Brin & Brin, Corpus Christi, Steven M. Gonzalez, Law Offices of Steven M. Gonzalez, McAllen, for Appellees.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellants, Leonarda Salazar, individually and as representative of the estate of Selerina Delgado, Margarito Delgado, and Hidalia Castillo appeal from a trial court order dismissing their health care liability claim for failure to timely furnish an expert report and curriculum vitae. In one point of error, appellants claim that the trial court erred in dismissing the case because they in fact did timely file the report and curriculum vitae. We reverse and remand.

### Factual Summary

Selerina Delgado ("Delgado") died following a spinal tap procedure performed at McAllen Medical Center by Edmundo Canales, M.D. ("Canales"). Appellants filed suit on November 18, 1999 against the hospital, Canales, and other hospital personnel,[1] claiming that the appellees committed medical negligence which resulted in Delgado's death.

Under the terms of the Medical Liability and Insurance Improvement Act of Texas, appellants had until May 18, 2000 to file an expert report. TEX.REV.CIV. STAT. ANN. art.

---

1. All the defendants with the exception of McAllen Medical Center and Dr. Canales were subsequently non-suited.

4590i, § 13.01 (Vernon Supp.2002). On May 30, Canales moved to dismiss for failure to timely file the expert report. On June 1, a hearing was held on the motion to dismiss, and plaintiff filed a motion for a thirty day grace period to file the expert report. In the motion for a thirty day grace period, the plaintiff's attorney explained that his failure to file the report was not intentional, but was rather due to a calendaring error and the fact that he had been preoccupied since March 22, 2000 caring for his dying mother. The trial court granted plaintiff's request for a thirty day grace period, and set June 19, 2000 as the new deadline for filing the expert report and curriculum vitae; otherwise the case would be dismissed.[2]

Appellants in fact timely filed a copy of the expert report and curriculum vitae on June 19, 2000 with the Hidalgo County District Clerk. However, on June 20 the trial court entered an order dismissing the case with prejudice because "Plaintiffs' extension for filing of an expert report has expired." Apparently, the trial judge dismissed the case due to the appellants' failure to serve the opposing parties with copies of the expert report and curriculum vitae by June 19. Instead, appellant put the opposing parties' copies in the mail on June 19, and the appellees received them on June 22.

### Standard of Review

■ The dismissal of a medical malpractice lawsuit for failure to comply with the requirements for filing an expert report is reviewed under an abuse of discretion standard. *Tesch v. Stroud*, 28 S.W.3d 782, 785 (Tex.App.-Corpus Christi 2000, pet. denied). In reviewing a trial court decision under an abuse of discretion stan-

dard, we must determine whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine*, 701 S.W.2d 238, 241–42 (Tex. 1985). The exercise of discretion is within the sole province of the trial court, and an appellate court may not substitute its discretion for that of the trial judge. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985). Rather, an abuse of discretion occurs only when the trial court reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 917.

### Discussion

Appellants' medical malpractice suit fell squarely within the purview of the Medical Liability and Insurance Improvement Act of Texas, which applies to all health care liability claims brought in Texas. TEX.REV. CIV. STAT. ANN. art. 4590i, § 4.01(a) (Vernon Supp.2002). The statute has specific procedural requirements, including one requiring the parties to furnish expert reports to the opposing party, to wit:

> Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:
>> (1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or
>> (2) voluntarily nonsuit the action against the physician or health care provider.

---

**2.** June 17 is thirty days after May 18, but June 17, 2000 fell on a Saturday. Therefore, since the extension was granted retroactively from the date of the original deadline, the filing deadline was June 19, 2000. *See* TEX.R. CIV. P. 4.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp.2002).

There are also two specific provisions dealing with a request for thirty additional days to file a report. The first of these provides that:

The trial court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days. Only one extension may be granted under this subsection.

*Id.* § 13.01(f). The second section states:

Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after a hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection.

*Id.* § 13.01(g).

### Analysis under section 13.01(f)

Appellants' motion for thirty day extension cited both sections 13.01(f) and 13.01(g) in requesting additional time to file the expert report and vitae curriculum. The trial judge in his order granting a thirty day grace period did not specify under which section he was granting an extension. These two sections differ in several respects. Subsection (f) is discretionary and allows the trial judge to extend the filing deadline only an additional thirty days from the expiration of the 180th day; thus an extension under Subsection (f) permits the party to furnish her expert report no later than 210 days following the filing of the lawsuit. *Whitworth v. Blumenthal,* 59 S.W.3d 393, 397 (Tex.App.-Dallas 2001, pet. dism'd by agr.); *Landry v. Ringer,* 44 S.W.3d 271, 274 (Tex. App.-Houston [14th Dist.] 2001, no pet.).

■ The legislature did not define the word "furnish" as it pertains to section 13.01(d), and this Court has found no case law specifically interpreting the furnish requirement. Where the legislature does not provide a definition for a term in a statute, "it is a cardinal rule of statutory construction ... [that] the words employed are ordinarily given their plain meaning ..." *Campos v. State,* 623 S.W.2d 657, 658 (Tex.Crim.App.1981). Further, the Texas Legislature has stated that words and phrases used in a statute should be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon Supp.2002).

According to Black's Law Dictionary, the word "furnish" means "to supply, provide, or equip, for accomplishment of a particular purpose." BLACK'S LAW DICTIONARY —— (5th ed.1979). Webster's defines furnish as "to supply with anything wanted or necessary." WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY 743 (2nd ed.1979). It seems clear through these definitions that the plain meaning of the word "furnish" involves supplying materials to another party. Further, we conclude that under the plain meaning of the statute sending the materials in the mail is an acceptable means of furnishing them.

Under Texas Rule of Civil Procedure 5, "if any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk no more than ten days tardily, shall be filed by the clerk and deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie

evidence of the date of mailing." Tex.R. Civ. P. 5. This rule applies specifically to the filing of materials with the trial court, not furnishing them to an opposing party. However, we see no reason to impose a more onerous burden on a party to meet deadlines related to furnishing materials to an opposing party than the burden on a party to meet deadlines provided for filing materials with the court. Indeed, the vast majority of official communications between parties at trial occurs through the mail, rather than through hand delivery. It is undisputed that the appellants mailed the expert report and curriculum vitae on June 19, and therefore these materials were properly "furnished" to opposing counsel under rule 5.

Further, it is possible that appellants met the "furnish" requirement under section 13.01(d) when they filed the materials with the trial court. In the limited amount of case law to date dealing with this requirement, the courts universally discuss the filing of the expert report, rather than the act of handing it to the other party. *See, e.g., Gomez v. Matey,* 55 S.W.3d 732, 734 (Tex.App.-Corpus Christi 2001, no pet. h.) ("A report must be provided for each physician or health care provider against whom a claim is asserted, and must be filed no later than the 180th day …"); *Ponce v. El Paso Healthcare Sys.,* 55 S.W.3d 34, 35 (Tex.App.-El Paso 2001, pet. denied) ("Columbia filed a motion to dismiss Ponce's suit because she had failed to file either a cost bond or expert report …. [T]he trial court granted Ponce a thirty-day extension of time in which to file the expert report …"); *Gill v. Russo,* 39 S.W.3d 717, 718 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) ("Gill contends that the provision requiring that an expert report be filed within 180 days of filing suit is unconstitutional …"); *Pfeiffer v. Jacobs,* 29 S.W.3d 193, 196 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) ("In this case it is undisputed that Pfeiffer's 180-day deadline to file an expert report expired on October 21, 1998.").

█ We find that the appellants complied with the "furnish" requirement under section 13.01(d) by the twin acts of timely filing the expert report and curriculum vitae with the trial court and on the same day mailing the report and curriculum vitae to the opposing counsel. Further, appellant complied with the express language of the trial court order issued on June 1, 2000, which stated that "It is further ordered that plaintiffs are hereby granted a 30-day extension of time until June 19, 2000 in which to file their expert report and curriculum vitae. If such expert report and curriculum vitae is [sic] not filed by June 19, 2000, this case shall be dismissed." The filing of both the report and the curriculum vitae was done on June 19.

Therefore, if the trial court granted its extension based on section 13.01(f), it abused its discretion in dismissing the case with prejudice because the documents were furnished to opposing counsel timely within the plain meaning of the statute.

### Analysis under section 13.01(g)

As stated *infra,* the trial court order was unclear as to whether the thirty additional days were granted to appellant under section 13.01(f) or 13.01(g). The order does state that "It is therefore ordered that Plaintiffs' Motion for 30-Day Grace Period to File Expert Report and Curriculum Vitae is hereby granted." This order refers to the extension as a "grace period"—a term found in section 13.01(g), but not 13.01(f).

█ Section 13.01(g), unlike section 13.01(f), is a mandatory provision. Under this section, the trial court *must* grant a thirty day grace period where the appellant has demonstrated that the failure to

meet the deadline "was not intentional or the result of conscious indifference but was the result of an accident or mistake." Some excuse, even if it not necessarily a good excuse, is enough to demonstrate lack of conscious indifference or intentional disregard. *Whitworth,* 59 S.W.3d at 401. If the evidence presented by plaintiff negating conscious indifference is uncontroverted, the trial court abuses its discretion by denying the motion. *Tesch,* 28 S.W.3d at 787. A grant of a thirty day grace period under 13.01(g) may occur at any time after the deadline for filing the expert report has passed, before trial, and is not limited to the 210 day requirement under 13.01(f). *See McClure v. Landis,* 959 S.W.2d 679, 681 (Tex.App.-Austin 1997, pet. denied) (thirty day grace period granted 249 days after the filing of the suit). The period of thirty days begins on the day the trial court grants the grace period. *Hanzi v. Bailey,* 48 S.W.3d 259, 264 (Tex. App.-San Antonio 2001, pet. denied).

■ In the instant case, appellants moved for a thirty day grace period under section 13.01(g). The appellants' attorney presented a compelling and uncontroverted reason for his failure to meet the deadline. The trial court then was required by statute to grant the thirty day grace period. A grace period was indeed granted, but it ran from the date that the original 180 day period for furnishing the expert report ended, rather than from the date that the order granting the grace period was signed. Under section 13.01(g), the trial court should have granted thirty days, beginning on June 1, 2000 and ending on July 1, 2000, as a grace period for appellant to furnish opposing counsel with the expert report and curriculum vitae. Appellant easily met this time frame, as the documents were mailed on June 19 and received on June 22. Nonetheless, the trial court dismissed the action on June 20,

even though the statutory thirty day period should not have yet ended.

Therefore, we find that the trial court was required to grant a thirty day window for filing of the claim under 13.01(g), and the dismissal of the action prior to the thirty-day window's expiration was an abuse of discretion.

## Conclusion

For the reasons stated above, we reverse the trial court judgment dismissing this case with prejudice and remand to the trial court for further proceedings consistent with this opinion.