Opinion issued July 17, 2003








     









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00196-CV




HENRY P. MASSEY, Appellant

V.

JOHN H. MASSEY, AS INDEPENDENT EXECUTOR OF THE ESTATE
OF DOROTHY P. MASSEY, AND GAYLE SCOTT BARNETT, Appellees




On Appeal from the 2nd 25th District Court
Colorado County, Texas
Trial Court Cause No. 20,072




MEMORANDUM OPINION
          Pro se appellant, Henry P. Massey (“Henry”),


 complains of the trial court’s
order directing that the remains of Henry’s daughter, Courtney S. Massey
(“Courtney”), be disinterred and moved to another cemetery plot within the same
cemetery. The order was entered relating to the probate of the estate of Henry’s
mother, Dorothy P. Massey (“Dorothy”). In two issues, Henry (1) contends that
Dorothy’s last will and testament precludes the entry of such an order and (2) alleges
that unspecified attorneys involved with this matter engaged in unethical practices.
          We affirm. 
Background
          Appellee, John H. Massey (“John”), as independent executor of Dorothy’s
estate, filed a motion for declaratory relief.


 John sought to have Courtney’s remains
disinterred from a cemetery plot (“the plot”) owned by Dorothy’s estate. 
          The plot was one of six plots that were purchased by Dorothy’s grandmother
in the Masonic Cemetery for the burial of Dorothy’s grandmother and grandfather,
Dorothy’s mother and father, and Dorothy and her husband. Dorothy’s grandparents,
parents, and husband predeceased Dorothy and were buried in five of the six plots. 
Dorothy owned the remaining, unused plot. The plot passed to Dorothy’s estate when
she died in 2001.
          Courtney tragically and unexpectedly died in 1993. In the tragedy of the
situation, Courtney was buried in the last of the six plots, the plot intended as
Dorothy’s place of burial. 
          In 1995, Dorothy wrote a letter addressed to a funeral home authorizing it to
disinter Courtney’s remains and re-inter them in another location within the same
cemetery. Dorothy’s letter was attached in support of John’s motion for declaratory
judgment. John also attached the affidavit of appellee, Gayle Scott Barnett,
Courtney’s mother, to support the motion. In her affidavit, Barnett gave her consent
to disinter Courtney’s remains.
          As an interested party, Henry received notice of the motion for declaratory
judgment. Following a hearing, the trial court signed an order on December 19, 2001.
The order directed Courtney’s remains to be disinterred “within fourteen days of the
entry” of the order. Courtney’s remains were not disinterred during that 14-day
period.
          On February 1, 2002, Barnett filed a “Joinder in Request for Declaratory
Judgment.” In the joinder, Barnett stated that she had no objection to the relief stated
in the December 19th order, but she asserted that a supplemental order should be
entered directing that Courtney’s remains be re-interred in a different plot in the
Masonic Cemetery. On February 11, 2002, the trial court signed an order directing
that “upon the disinterment of the remains of Courtney S. Massey pursuant to this
Court’s Order dated December 19, 2001, those remains shall be re-interred in burial
lot No. 431 of the Masonic Cemetery.”



          Henry filed a notice of appeal on February 20, 2002.
Discussion
Issue One
          In his first issue, Henry contends that Dorothy’s last will and testament
precluded the trial court’s order granting the relief sought by John in the motion for
declaratory relief. Relating to this issue, the “Background” section of Henry’s
briefing states, “A refilling [sic] of the Declaratory Judgment would be ‘illegal’ under
the Last Will and Testament of Dorothy P. Massey, paragraph Seventh #4.”


 The
entirety of Henry’s “argument” offered in support of this issue is as follows:
Basis for error can be found in Salazar Canales 85 SW 3d 859 [sic] and
Johnson v. Forth Court of Appeals 700 SW 2nd 917 [sic]. The original
Declaratory Judgment was precluded by the Last Will and Testament of
Dorothy P. Massey. The Court[’]s Order and authorization of the
reinterment [sic] of the remains in a lot other than decedent Courtney S.
Massey’s own lot is bizzar [sic].

          Although we may read the language of pro se documents broadly, we do not
otherwise apply lesser standards for the benefit of pro se litigants. White v. Cole, 880
S.W.2d 292, 294 (Tex. App.—Beaumont 1994, writ denied). Pro se litigants are held
to the same standards as licensed attorneys; therefore, they must comply with all
applicable rules of procedure. Clemens v. Allen, 47 S.W.3d 26, 28 (Tex.
App.—Amarillo 2000, no pet.); Chandler v. Chandler, 991 S.W.2d 367, 378-79 (Tex.
App.—El Paso 1999, pet. denied). 
          Failure to brief, or to adequately brief, an issue by an appellant effects a waiver
of that issue on appeal. See Tex. R. App. P. 38.1(h); Wheeler v. Methodist Hosp., 95
S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Rule of appellate
procedure 38.1(h) states that a “brief must contain a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the record.” 
Tex. R. App. P. 38.1(h). Failure to either cite authority or advance substantive
analysis waives the issue on appeal. See Wheeler, 95 S.W.3d at 646. Here, Henry
fails to provide any substantive analysis as to how Dorothy’s last will and testament
precludes the trial court’s order. 
          Henry also fails to explain how the cases he has cited relate to this issue. 
Presumably, Henry has cited Salazar v. Canales, 85 S.W.3d 859, 862 (Tex.
App.—Corpus Christi 2000, no pet.) and Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917-18 (Tex. 1985) for each case’s statement of the abuse-of-discretion
standard of review. However, Henry failed to (1) show that such standard is the
correct standard of review to apply here, (2) apply that standard to the facts of this
case, or (3) explain how the trial court abused its discretion. Moreover, Salazar and
Johnson are factually inapposite to this case. See Salazar, 85 S.W.3d at 862-65
(determining whether trial court abused its discretion in dismissing plaintiff’s medical
malpractice claims for failure to file medical-expert report); Johnson, 700 S.W.2d at
916 (deciding whether trial court has discretion to grant new trial in “the interest of
justice”). 
          Lastly, the pages in the record to which Henry refers have no bearing on the
stated issue. 
          It is not this Court’s duty to review the record, research the law, and fashion
a legal argument for an appellant when he has failed to do so. Because Henry’s brief
does little more than summarily state his issue, without citations to appropriate legal
authority or substantive analysis, it is not sufficient to acquaint this Court with the
issue and does not present an argument that would allow us to decide the issue.


 See
Wheeler, 95 S.W.3d at 646. 
          We overrule Henry’s issue one.
Issue Two
          In issue two, Henry complains that unspecified attorneys in this case acted
unethically by failing to disclose certain facts to the trial court. Henry failed to raise
this concern in the trial court, or if he did, it is not reflected in the record. As such,
the issue is not properly before our Court. To preserve an issue for appellate review,
an issue must be raised with the trial court. Tex. R. App. P. 33.1. 
          We overrule issue two.

Conclusion
          We affirm the trial court’s order.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.