NO. 07-04-0116-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 28, 2004



______________________________




HEATHER LYNN COLSON, CHARLES M. COLSON


AND SANDRA COLSON, APPELLANTS 



V.



PNB TRUST & ASSET MANAGEMENT N/K/A


PLAINSCAPITAL WEALTH MANAGEMENT & TRUST CO., APPELLEES



_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003,523,185; HONORABLE ANDREW KUPPER, JUDGE


_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Charles M. Colson, appearing pro se, appeals from the final judgment in an
interpleader action regarding disposition of funds from a bank account held by appellee
PNB Trust and Asset Management n/k/a Plainscaptial Wealth Management & Trust Co. 

 After filing his appellant's brief, Colson was directed by the court to re-brief. See
Tex. R. App. P. 9 and 38. (1) He filed a second brief on September 9, 2004. His second
brief, like his first, does not cite any authorities. "Record references" in both briefs are
references to documents not appearing in the clerk's record and to documents in a
separate case. No documents from the separate case appear in the appellate record. The
brief contains recitations of alleged facts and occurrences about which Colson makes
complaint, but he includes no substantive discussion of how the trial court erred legally, nor
of how the alleged facts and occurrences probably caused entry of an improper judgment,
or prevented him from presenting his case on appeal. See TRAP 44.1. 

 Texas courts do not maintain separate sets of procedural rules for litigants with
counsel and for litigants representing themselves. See Mansfield State Bank v. Cohn, 573
S.W.2d 181, 184-85 (Tex. 1978). Litigants representing themselves must comply with the
same procedural rules as are applicable to represented parties. Id.; Clemens v. Allen, 47
S.W.3d 26, 28 (Tex.App.-Amarillo 2000, no pet.). 

 Appellate courts accept substantial compliance with briefing rules. See TRAP 38.9. 
In the event a brief does not comply with TRAP 38, an appellate court may require
amendment, supplementation or redrawing of the brief. Appropriate action by the appellate
court may be taken in regard to an appellant's failure to take corrective action as to
appellant's brief as directed by the court when the brief remains in noncompliance with
TRAP 38. Such action may include proceeding as if the offending party failed to file a brief,
see TRAP 38.9(a), and dismissing the appeal for want of prosecution. Clemens, 47
S.W.3d at 28. 

 Colson's brief does not substantially comply with the appellate briefing rules. We
dismiss the appeal for want of prosecution. (2)


 Phil Johnson

 Chief Justice



 

 





 
1. 
"" 
2. 
 
 
- 
 - ' 
 



an style="font-size: 12pt">3.       Whether appellant’s present counsel, given her failure to file a brief,
will pursue the appeal;
4.       If not, whether appellant is indigent and the appointment of new
counsel is necessary.
 
          Should it be determined that appellant does want to continue the appeal and is
indigent and that new counsel should be appointed, the trial court shall appoint new
counsel to represent appellant in this appeal. If new counsel is appointed, the name,
address, telephone number, and state bar number of newly appointed counsel shall be
included in an order appointing counsel, a copy of which shall be immediately forwarded
to the Clerk of this Court. In any event, the trial court shall execute findings of fact and
conclusions of law addressing the issues identified above. The trial court shall also
execute any other orders that are necessary to address the aforementioned issues. The
trial court’s findings of fact and conclusions of law as well as any orders that it may issue
shall be included in a supplemental clerk’s record. A supplemental reporter’s record shall
be prepared of any hearings held in this matter. The trial court shall file the supplemental
clerk’s record and any supplemental reporter’s record with the Clerk of this Court by
September 26, 2008.
          It is so ordered.
 Per Curiam
 
 
Do not publish.