NO. 07-04-0116-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 28, 2004

_____


HEATHER LYNN COLSON, CHARLES M. COLSON
AND SANDRA COLSON, APPELLANTS

V.

PNB TRUST & ASSET MANAGEMENT N/K/A
PLAINSCAPITAL WEALTH MANAGEMENT & TRUST CO., APPELLEES

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003,523,185; HONORABLE ANDREW KUPPER, JUDGE
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Charles M. Colson, appearing *pro se*, appeals from the final judgment in an interpleader action regarding disposition of funds from a bank account held by appellee PNB Trust and Asset Management n/k/a Plainscaptial Wealth Management & Trust Co.

After filing his appellant's brief, Colson was directed by the court to re-brief. See TEX. R. APP. P. 9 and 38.[1] He filed a second brief on September 9, 2004. His second brief, like his first, does not cite any authorities. "Record references" in both briefs are references to documents not appearing in the clerk's record and to documents in a separate case. No documents from the separate case appear in the appellate record. The brief contains recitations of alleged facts and occurrences about which Colson makes complaint, but he includes no substantive discussion of how the trial court erred legally, nor of how the alleged facts and occurrences probably caused entry of an improper judgment, or prevented him from presenting his case on appeal. See TRAP 44.1.

Texas courts do not maintain separate sets of procedural rules for litigants with counsel and for litigants representing themselves. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). Litigants representing themselves must comply with the same procedural rules as are applicable to represented parties. Id.; Clemens v. Allen, 47 S.W.3d 26, 28 (Tex.App.–Amarillo 2000, no pet.).

Appellate courts accept substantial compliance with briefing rules. See TRAP 38.9. In the event a brief does not comply with TRAP 38, an appellate court may require amendment, supplementation or redrawing of the brief. Appropriate action by the appellate court may be taken in regard to an appellant's failure to take corrective action as to appellant's brief as directed by the court when the brief remains in noncompliance with

---

[1]Reference to a rule of appellate procedure hereafter will be by reference to "TRAP_."

TRAP 38. Such action may include proceeding as if the offending party failed to file a brief, see TRAP 38.9(a), and dismissing the appeal for want of prosecution. Clemens, 47 S.W.3d at 28.

Colson's brief does not substantially comply with the appellate briefing rules. We dismiss the appeal for want of prosecution.[2]

Phil Johnson
Chief Justice

[2]We note in passing that if the argument in an appellate brief contains no citation to authority or substantive discussion of how the trial court erred, the issues urged are deemed to have been waived. See Knie v. Piskun, 23 S.W.3d 455, 460 (Tex.App.–Amarillo 2000, pet. denied); Lewis v. Deaf Smith Elec. Coop., Inc., 768 S.W.2d 511, 512-13 (Tex.App.–Amarillo 1989, no writ). Appellant's brief presents nothing for review, even if we did not dismiss the appeal for want of prosecution.