NO. 07-02-0398-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 17, 2004

_____

IN THE MATTER OF THE MARRIAGE OF

JAMES D. DURHAM, JR. AND DEBORAH LYNN DURHAM

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 63046-D; HONORABLE GORDON GREEN, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Deborah Lynn Marino, f/k/a Deborah Lynn Durham, appeals from the trial court's rulings on cross-motions for enforcement of a final decree divorcing her from James D. Durham. We affirm in part and dismiss in part for want of jurisdiction.

BACKGROUND

On November 8, 2001, a decree of divorce was signed in the divorce proceeding between Deborah Lynn Durham (now Deborah Lynn Marino) and James D. Durham.

Motions for enforcement and pleadings filed by Marino during the months following entry of the November 8th decree did not question the finality of that decree, but rather sought enforcement of it. In addition to seeking enforcement of the decree by her motions, Marino also claimed damages resulting from an alleged assault by Durham and sought the value of certain property which Durham allegedly concealed during pendency of the divorce.

On July 1, 2002, following a hearing conducted on two separate days, the trial judge signed separate orders ruling on Marino's motion for enforcement and Durham's motion for enforcement. The order on Durham's motion contained a Mother Hubbard clause stating that all relief requested and not expressly granted was denied. The order on Marino's motion did not contain a Mother Hubbard clause. The order on Marino's motion specifically indicated that Marino's affirmative claims for additional property and damages would not be heard in the proceeding. Marino appealed.

We have previously dismissed, for want of jurisdiction, that part of Marino's appeal challenging the decree of divorce. We remanded the remainder of her appeal to the trial court for clarification of the court's July 1, 2002 orders. Upon remand the trial court entered a Clarification Order and Order for Severance which severed Marino's claims for affirmative relief from her motion for enforcement, directed that the claims be docketed as a separate suit under a different cause number, and clarified that the July 1, 2002 orders were intended to constitute final orders as to all issues and all parties, except for Marino's claims for affirmative relief. The court clarified that it had found Marino's claims for affirmative relief were improper in an enforcement proceeding and should have been severed. The clarification and severance order made the July 1, 2002 orders final and appealable. See

-2-

TEX. R. APP. P. 27.2, 44.4;[1] McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001); American Home Prods. Corp. v. Clark, 38 S.W.3d 92, 97 (Tex. 2000). To the extent that those claims which were severed by the trial court's October 29, 2004 clarification and severance order are presented on appeal, they are not the subject of a final and appealable order and we will dismiss the appeal as to them for want of jurisdiction.

Appearing *pro se*, Marino initially presented three issues. Her first issue challenged the validity of the November 8, 2001 decree of divorce. Our prior dismissal of Marino's challenge to the decree of divorce effectively disposed of her first issue and we will not address that issue further.

Her second issue challenged the July 1, 2002 order on Durham's motion for enforcement. Her third issue challenged the July 1, 2002 order on her own motion for enforcement.

ISSUES TWO AND THREE

Marino's second issue urged that the July 1, 2002 order granting Durham's motion for enforcement was not "proper and in accordance with applicable law." In support of her issue, she argues that Durham's motion sought enforcement of an alleged settlement agreement not agreed to by Marino, and that the motion was based on complaints which were barred by the doctrine of *res judicata*. The only reference to authority she makes as

---

"[1]Further reference to a rule of appellate procedure will be by reference to "TRAP ___."

part of her *res judicata* argument is to TEX. R. CIV. P. 91,[2] which is inapposite as the rule addresses special exceptions. She generally refers to evidence and testimony from a January 2002 hearing, and an order dated January 11, 2002 which was based on the January hearing, as the basis for her *res judicata* claim.

Her third issue mirrors her second issue, except the third issue asserts that the July 1, 2002 order denying her motion for enforcement was not proper and in accordance with applicable law. One part of her third issue urges that the July 1st order, as directed to her motion, was not a final order because it did not dispose of her affirmative claims seeking additional property and damages. Marino refers us to <u>Lehmann v. Har-Con Corp</u>., 39 S.W.3d 191 (Tex. 2001), to support this part of her argument. This part of Marino's third issue has been disposed of by the trial court's Clarification Order and Order of Severance, and we need not address it.

The remainder of her third issue presents argument that the July 1, 2002 order on her motion was in error because: (1) the order enforced an alleged agreement between the parties which she did not agree to; (2) the order was barred by *res judicata* based on the January 2002 hearing; (3) Durham failed to serve a copy of his proposed order of enforcement on Marino as required by TRCP 21a; (4) funds awarded to Durham from the registry of the court represented Marino's interest in the homestead, constituting exempt property, and the award failed to comply with applicable Texas law regarding exempt property; and (5) there was no evidence, and in some instances insufficient evidence, to

---

[2]Further reference to a rule of civil procedure will be by reference to "TRCP ___."

support the court's order as to attorney's fees, offset for property in Marino's possession, damage to the marital home, awarding of property allegedly in Marino's possession but which was not, awarding money for a watch which she alleges never existed and the court costs award. Other than the one reference to TRCP 21a as requiring service of a proposed order, however, Marino does not cite any authority for standards of review, her positions, or the legal doctrines and theories espoused, nor does she explain the absence of citation to authority.

*Pro se* litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978) (Rules of Civil Procedure); Clemens v. Allen, 47 S.W.3d 26, 28 (Tex.App.–Amarillo 2000, no pet.) (Rules of Appellate Procedure); Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, pet. denied). If an argument in an appellate brief contains no citations to authority or explanation for lack of such citations, the issue may be deemed to have been waived. See Fredonia State Bank v. General Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994); Knie v. Piskun, 23 S.W.3d 455, 460 (Tex.App.–Amarillo 2000, pet. denied). Marino fails to cite authority to support her contentions and fails to explain the absence of such citations. She has failed to adequately brief any of her arguments and we deem them to have been waived.

Moreover, the partial reporter's record Marino presents in regard to the July 1, 2002 orders[3] contains the trial court's oral ruling made on June 7, 2002, following two days of

---

[3]The partial reporter's record includes transcripts of hearings on August 21, 2001, October 4, 2001, October 11, 2002 and December 12, 2002. The 2001 hearings predated

hearing on the cross-motions for enforcement, but not the evidence and testimony presented at the hearing, and the partial reporter's record also contains four pages of excerpts of Marino's testimony from the hearing on which the January 11, 2002 order was based and which Marino asserts is *res judicata* of Durham's motion for enforcement. When an appellant requests only a partial reporter's record and the record does not include a statement of points or issues to be presented on appeal, see TRAP 34.6(c)(1), the reviewing court presumes that the missing portions of the record contain relevant evidence and that the omitted evidence supports the trial court's judgment. See Christiansen v. Prezelski, 782 S.W.2d 842, 843-44 (Tex. 1990) (discussing the necessity of strict compliance with former TRAP 53(d), predecessor to TRAP 34.6(c)); CMM Grain Co. v. Ozgunduz, 991 S.W.2d 437, 439 (Tex.App.–Fort Worth 1999, no pet.). Both the request for a partial reporter's record and the statement of points or issues to be presented on appeal must be timely filed and appear in the appellate record. CMM Grain Co., 991 S.W.2d 439.

The appellate record presented in this case does not contain a statement of points or issues to be presented on appeal, which is required by TRAP 34.6(c)(1). Thus, we presume that the missing record supports the trial court's rulings and orders, and that Marino was not harmed by the rulings and orders. We overrule her second and third issues.

---

entry of the divorce decree. The October 2002 and December 2002 hearings occurred after entry of the orders from which Marino is appealing and were hearings on Durham's amended motion for enforcement which was filed in September 2002, also after entry of the orders from which Marino is now appealing.

CONCLUSION

We dismiss, for want of jurisdiction, the appeal as to Marino's claims for affirmative relief that were severed by the trial court's October 29, 2004 Clarification Order and Order for Severance.  Having dismissed or overruled all of Marino's issues and contentions, we affirm the July 1, 2002 orders of the trial court as clarified by the trial court's October 29, 2004 order.


Phil Johnson
Chief Justice