NO. 07-02-0398-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 17, 2004



______________________________



IN THE MATTER OF THE MARRIAGE OF



JAMES D. DURHAM, JR. AND DEBORAH LYNN DURHAM



_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 63046-D; HONORABLE GORDON GREEN, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION


 Deborah Lynn Marino, f/k/a Deborah Lynn Durham, appeals from the trial court's
rulings on cross-motions for enforcement of a final decree divorcing her from James D.
Durham. We affirm in part and dismiss in part for want of jurisdiction.

BACKGROUND


 On November 8, 2001, a decree of divorce was signed in the divorce proceeding
between Deborah Lynn Durham (now Deborah Lynn Marino) and James D. Durham. 
Motions for enforcement and pleadings filed by Marino during the months following entry
of the November 8th decree did not question the finality of that decree, but rather sought
enforcement of it. In addition to seeking enforcement of the decree by her motions, Marino
also claimed damages resulting from an alleged assault by Durham and sought the value
of certain property which Durham allegedly concealed during pendency of the divorce. 

 On July 1, 2002, following a hearing conducted on two separate days, the trial judge
signed separate orders ruling on Marino's motion for enforcement and Durham's motion
for enforcement. The order on Durham's motion contained a Mother Hubbard clause
stating that all relief requested and not expressly granted was denied. The order on
Marino's motion did not contain a Mother Hubbard clause. The order on Marino's motion
specifically indicated that Marino's affirmative claims for additional property and damages
would not be heard in the proceeding. Marino appealed. 

 We have previously dismissed, for want of jurisdiction, that part of Marino's appeal
challenging the decree of divorce. We remanded the remainder of her appeal to the trial
court for clarification of the court's July 1, 2002 orders. Upon remand the trial court
entered a Clarification Order and Order for Severance which severed Marino's claims for
affirmative relief from her motion for enforcement, directed that the claims be docketed as
a separate suit under a different cause number, and clarified that the July 1, 2002 orders
were intended to constitute final orders as to all issues and all parties, except for Marino's
claims for affirmative relief. The court clarified that it had found Marino's claims for
affirmative relief were improper in an enforcement proceeding and should have been
severed. The clarification and severance order made the July 1, 2002 orders final and
appealable. See Tex. R. App. P. 27.2, 44.4; (1) McNally v. Guevara, 52 S.W.3d 195, 196
(Tex. 2001); American Home Prods. Corp. v. Clark, 38 S.W.3d 92, 97 (Tex. 2000). To the
extent that those claims which were severed by the trial court's October 29, 2004
clarification and severance order are presented on appeal, they are not the subject of a
final and appealable order and we will dismiss the appeal as to them for want of
jurisdiction.

 Appearing pro se, Marino initially presented three issues. Her first issue challenged
the validity of the November 8, 2001 decree of divorce. Our prior dismissal of Marino's
challenge to the decree of divorce effectively disposed of her first issue and we will not
address that issue further. 

 Her second issue challenged the July 1, 2002 order on Durham's motion for
enforcement. Her third issue challenged the July 1, 2002 order on her own motion for
enforcement. 

 ISSUES TWO AND THREE


 Marino's second issue urged that the July 1, 2002 order granting Durham's motion
for enforcement was not "proper and in accordance with applicable law." In support of her
issue, she argues that Durham's motion sought enforcement of an alleged settlement
agreement not agreed to by Marino, and that the motion was based on complaints which
were barred by the doctrine of res judicata. The only reference to authority she makes as
part of her res judicata argument is to Tex. R. Civ. P. 91, (2) which is inapposite as the rule
addresses special exceptions. She generally refers to evidence and testimony from a
January 2002 hearing, and an order dated January 11, 2002 which was based on the
January hearing, as the basis for her res judicata claim. 

 Her third issue mirrors her second issue, except the third issue asserts that the July
1, 2002 order denying her motion for enforcement was not proper and in accordance with
applicable law. One part of her third issue urges that the July 1st order, as directed to her
motion, was not a final order because it did not dispose of her affirmative claims seeking
additional property and damages. Marino refers us to Lehmann v. Har-Con Corp., 39
S.W.3d 191 (Tex. 2001), to support this part of her argument. This part of Marino's third
issue has been disposed of by the trial court's Clarification Order and Order of Severance,
and we need not address it. 

 The remainder of her third issue presents argument that the July 1, 2002 order on
her motion was in error because: (1) the order enforced an alleged agreement between the
parties which she did not agree to; (2) the order was barred by res judicata based on the
January 2002 hearing; (3) Durham failed to serve a copy of his proposed order of
enforcement on Marino as required by TRCP 21a; (4) funds awarded to Durham from the
registry of the court represented Marino's interest in the homestead, constituting exempt
property, and the award failed to comply with applicable Texas law regarding exempt
property; and (5) there was no evidence, and in some instances insufficient evidence, to
support the court's order as to attorney's fees, offset for property in Marino's possession,
damage to the marital home, awarding of property allegedly in Marino's possession but
which was not, awarding money for a watch which she alleges never existed and the court
costs award. Other than the one reference to TRCP 21a as requiring service of a
proposed order, however, Marino does not cite any authority for standards of review, her
positions, or the legal doctrines and theories espoused, nor does she explain the absence
of citation to authority. 

 Pro se litigants are held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure. See Mansfield State Bank v. Cohn,
573 S.W.2d 181, 184-85 (Tex. 1978) (Rules of Civil Procedure); Clemens v. Allen, 47
S.W.3d 26, 28 (Tex.App.-Amarillo 2000, no pet.) (Rules of Appellate Procedure); Holt v.
F.F. Enters., 990 S.W.2d 756, 759 (Tex.App.-Amarillo 1998, pet. denied). If an argument
in an appellate brief contains no citations to authority or explanation for lack of such
citations, the issue may be deemed to have been waived. See Fredonia State Bank v.
General Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994); Knie v. Piskun, 23 S.W.3d
455, 460 (Tex.App.-Amarillo 2000, pet. denied). Marino fails to cite authority to support
her contentions and fails to explain the absence of such citations. She has failed to
adequately brief any of her arguments and we deem them to have been waived.

 Moreover, the partial reporter's record Marino presents in regard to the July 1, 2002
orders (3) contains the trial court's oral ruling made on June 7, 2002, following two days of
hearing on the cross-motions for enforcement, but not the evidence and testimony
presented at the hearing, and the partial reporter's record also contains four pages of
excerpts of Marino's testimony from the hearing on which the January 11, 2002 order was
based and which Marino asserts is res judicata of Durham's motion for enforcement. 
When an appellant requests only a partial reporter's record and the record does not include
a statement of points or issues to be presented on appeal, see TRAP 34.6(c)(1), the
reviewing court presumes that the missing portions of the record contain relevant evidence
and that the omitted evidence supports the trial court's judgment. See Christiansen v.
Prezelski, 782 S.W.2d 842, 843-44 (Tex. 1990) (discussing the necessity of strict
compliance with former TRAP 53(d), predecessor to TRAP 34.6(c)); CMM Grain Co. v.
Ozgunduz, 991 S.W.2d 437, 439 (Tex.App.-Fort Worth 1999, no pet.). Both the request
for a partial reporter's record and the statement of points or issues to be presented on
appeal must be timely filed and appear in the appellate record. CMM Grain Co., 991
S.W.2d 439. 

 The appellate record presented in this case does not contain a statement of points
or issues to be presented on appeal, which is required by TRAP 34.6(c)(1). Thus, we
presume that the missing record supports the trial court's rulings and orders, and that
Marino was not harmed by the rulings and orders. We overrule her second and third
issues. 

CONCLUSION


 We dismiss, for want of jurisdiction, the appeal as to Marino's claims for affirmative
relief that were severed by the trial court's October 29, 2004 Clarification Order and Order
for Severance. Having dismissed or overruled all of Marino's issues and contentions, we
affirm the July 1, 2002 orders of the trial court as clarified by the trial court's October 29,
2004 order. 


 Phil Johnson

 Chief Justice




 

 

1. "
" 
2. " "
3. ' 
 
 
 '