NUMBER 13-04-449-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

JUAN MARIO VILLAFANI, M.D.,                                 Appellant,

 

                                           v.

 

ADELA
TREJO,                                                         Appellee.

 

 

 

                  On appeal from the 197th
District Court

                          of Cameron
County, Texas.

 

 

 

            DISSENTING MEMORANDUM OPINION

 

                    Before Justices Rodriguez, Castillo,
and Garza

                Dissenting Memorandum Opinion by Justice Castillo

 








By one issue, appellant Juan Mario Villafani, M.D.,
appeals the trial court's denial of his motion for dismissal and sanctions for
failure to file an expert report that conformed to the requirements of former
article 4590i of the Texas Revised Civil Statutes.[1]  Because I conclude we have jurisdiction, I
write separately.  Respectfully, I would
reverse and remand.  

I.  Background

In her live pleading, appellee Adela Trejo alleged
that (1) Villafani closed a colostomy and repaired a hernia, and (2)
post-surgically, she developed a serious abdominal infection.  To comply with section 13.01(d) of 4590i,[2]
Trejo tendered an expert report[3]
which stated, in part:  








The standard of care regarding colostomy closure
predicates that no foreign material be implanted at the time that colon surgery
is performed.  If foreign material
implanted within the body is exposed to colonic bacteria, contamination is
inevitable, and the foreign material becomes a nidus for ongoing infection,
which persists until the foreign material is removed.  Dr. Villafani ignored that standard, and this
resulted in a suppurative, persistent wound infection. . . .  [Other] choices would have avoided
contamination of foreign material implanted in a contaminated field. 

 

Villafani filed a motion for sanctions and to
dismiss, asserting insufficiency of the expert report as a matter of law.  After a hearing, the trial court denied the
motion in open court and signed an order memorializing the ruling.  Trejo nonsuited the claims against
Villafani.  The trial court signed an
order dismissing the case without prejudice. 
The order denying the statutory motion to dismiss became final and
appealable.[4]  This appeal timely ensued.  Respectfully, I conclude we have
jurisdiction.[5]  See Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) ("Under Texas procedure appeals may be had
only from final orders or judgments.").

II.  Standard
of Review

The standard of review of a trial court's order
either dismissing or refusing to dismiss a claim for failure to comply with the
expert report requirements in section 13.01(d) of article 4590i is abuse of
discretion.  See Am. Transitional Care
Ctrs., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001).  A trial court abuses its discretion if it
acts in an arbitrary or unreasonable manner without reference to any guiding
rules or








 principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42
(Tex. 1985).  When reviewing matters
committed to the trial court's discretion, a court of appeals may not
substitute its own judgment for the trial court's judgment.  Id. at 52; Salazar v. Canales,
85 S.W.3d 859, 862 (Tex. App.BCorpus Christi 2002, no pet.). 

III. 
Sufficiency of the Expert Reports

The Medical Liability and Insurance Improvement Act,
see Tex. Rev. Civ. Stat. Ann.
art. 4590i (Vernon Supp. 2004-05), defines an expert report as a written report
by an expert that provides a fair summary of the expert<s opinions regarding (1) applicable standards of
care, (2) the manner in which the care rendered failed to meet the standards,
and (3) the causal relationship between that failure and the injury, harm, or
damages claimed.  Id. art. 4590i _13.01(r)(6). 
In considering a motion to dismiss, the issue for the trial court is
whether the report represents a good‑faith effort to comply with the
statutory definition of an expert report.  Palacios, 46 S.W.3d at 878; see also Tex. Rev. Civ. Stat. Ann. art. 4590i ' 13.01(l).








Under subsections 13.01(l) and (r)(6), the expert
report must represent only a good‑faith effort to provide a fair summary
of the expert's opinions.  Palacios, 46
S.W.3d at 878.  A report need not marshal
all the plaintiff's proof, but it must include the expert's opinion on each of
the elements identified in the statute.  Id.
 In setting out the expert's opinions
on each of those elements, the report must provide enough information to
fulfill two purposes if it is to constitute a good‑faith effort.  Id. 
First, the report must inform the defendant of the specific conduct the
plaintiff has called into question.[6]  Second, and equally important, the report
must provide a basis for the trial court to conclude that the claims have
merit.  Id. at 879.  A report that merely states the expert's
conclusions about the standard of care, breach, and causation does not fulfill
these two purposes.  Id.  Nor can a report meet these purposes and thus
constitute a good‑faith effort if it omits any of the statutory
requirements.  Id.  To avoid dismissal, a plaintiff need not
present evidence in the report as if it were actually litigating the
merits.  Id.  The report can be informal in that the
information in the report does not have to meet the same requirements as the
evidence offered in a summary judgment proceeding or at trial.  Id. 
When the expert report's conclusory statements do not put the defendant
or the trial court on notice of the conduct complained of, section 13.01(l)
affords the trial court no discretion but to conclude that the report does not
represent a good‑faith effort to provide a fair summary of the standard of
care and how it was breached, as section 13.01(r)(6) requires.  Id. at 880.              In
this case, Villafani argues that the expert reports were inadequate and, thus,
dismissal was mandatory.  In particular,
Villafani asserts that the reports failed to establish any causal relationship
between the alleged negligence and the injury, harm, or damages claimed.  

Trejo alleged that she underwent two surgeries and
subsequently developed a serious infection. 
The first expert report states:








If foreign material implanted within the body is
exposed to colonic bacteria, contamination is evitable, and the foreign
material becomes a nidus for ongoing infection, which persists until the
foreign material is removed.  Dr. Villafani
ignored that standard and this resulted in a . . . wound infection. 

 

 I conclude
that the report does not inform Villafani of the specific conduct Trejo has
called into question.  The "expert
must explain the basis of his statements to link his conclusions to the
facts."  Bowie Mem'l Hosp. v.
Wright, 79 S.W.3d 48, 52 (Tex. 2002); Earle v. Ratliff, 998 S.W.2d
882, 890 (Tex. 1999); Windsor v. Maxwell, 121 S.W.3d 42, 50-51 (Tex.
App.BFort Worth 2003, pet. denied) (finding statement
conclusory as to causation because it did not explain how the complained of
action caused the injury).  The report
provides a bare conclusion regarding the statutory element of causation.  Further, because the report also reflects an
"ongoing infection" and Trejo<s sole allegation in her live pleading was that she
developed a serious infection, I conclude that the report does not provide a
basis for the trial court to find that the claim had merit.  See Palacios, 46 S.W.3d at 878-79.  Thus, I conclude that the first report is
inadequate.  Id.  The second report addresses only the standard
of care for home health services and omits the standard of care applicable to
Villafani, a physician.  I conclude it
is, thus, also inadequate as to Villafani. 
See Palacios, 46 S.W.3d at 879.

IV. 
Conclusion








I would sustain the sole issue presented.  Because the expert reports are inadequate as
a matter of law, the trial court had no discretion but to dismiss with
prejudice and award reasonable attorney fees. 
See Tex. Rev. Civ. Ann.
art. 4590i, '13.01(e)(1),(3). 
Accordingly, I would reverse and remand for further proceedings.  Tex.
R. App. P. 43.2(d).[7]                                                    

ERRLINDA CASTILLO

Justice

 

Dissenting Memorandum Opinion delivered and filed

this the 6th day of October, 2005.                                                      

 

 











[1] See Medical Liability and
Insurance Improvement Act of Texas, 65th Leg., R.S., ch. 817, 1977 Tex. Gen.
Laws 2039, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, _10.09, 2003 Tex. Gen. Laws 847, 884 (current version
at Tex.
Civ. Prac.& Rem. Code Ann. _74.001‑.507 (Vernon 2005)).
Because the repealed act was in effect at the time Trejo filed this lawsuit, I
will refer to it by its former statutory designation, article 4590i.





[2] Former Texas Revised Civil Statute
article 4590i, section 13.01(d) provided:

 

Not later than the later of the
180th day after the date on which a health care liability claim is filed or the
last day of any extended period established under Subsection (f) or (h) of this
section, the claimant shall, for each physician or health care provider against
whom a claim is asserted:

 

(1) furnish to counsel for each
physician or health care provider one or more expert reports, with a curriculum
vitae of each expert listed in the report; or

 

(2) voluntarily nonsuit the action against the physician or health care
provider.





[3] Trejo also tendered a second
expert report which addressed the standard of care for home health care.  That report stated, in part, that Trejo
underwent surgery on June 14, 2002. 
"Her post-operative course was complicated by the development of a
wound seroma.  This became infected and
required drainage on 8/7/02." 





[4] Prior to the nonsuit, the order
denying the dismissal motion was interlocutory and unappealable.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp. 2004‑05).  





[5] Villafani did not waive the right
to complain.  See Jernigan v. Langley,
111 S.W.3d 153, 157 (Tex. 2003)("[T]o establish an intent to waive the
right to dismissal under section 13.01(e), the defendant's silence or inaction
must be inconsistent with the intent to rely upon the right to dismissal.  For example, if the defendant fails to object
to the report's inadequacy until after the case is disposed of on other
grounds, waiver may be implied." (citing Martinez v. Lakshmikanth,
1 S.W.3d 144 (Tex. App.BCorpus Christi 1999, pet. denied)).


 

 





[6] "To inform the defendant of
the specific conduct the plaintiff has called into question, the report must
support the cause of action alleged by the plaintiff in its
pleadings."  Windsor v. Maxwell,
121 S.W.3d 42, 51 (Tex. App.BFort Worth 2003, pet. denied). 





[7] Villafani<s counsel testified as to a
reasonable attorney fee after the trial court ruled on the motion to dismiss
without the opportunity for opposing counsel to cross-examine.