

# NUMBER 13-05-465-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DOV AVNI KAMINETZKY A/K/A DON K. AVNI,**               Appellant,

**v.**

**DAVID A. NEWMAN, INDIVIDUALLY, ET AL.,**               Appellees.

---

**On appeal from the 333rd District Court of Harris County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion Per Curiam**

On May 2, 2008, this Court struck appellant's brief in the above cause and ordered the appellant to redraw his brief within fifteen days. *See* TEX. R. APP. P. 38.9. Appellant's brief was due, therefore, on May 17, 2008. Appellant has failed to file a re-drawn brief and therefore has (1) failed to prosecute his appeal, and (2) has failed to comply with this

Court's order.  *See id.* 38.8(a)(1), 42.3(b),(c).  Accordingly, we dismiss the appeal.  *Id.; see*

*Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.–Amarillo 2000, no pet.) (dismissing appeal

for want of prosecution where appellant failed to correct deficiencies in brief after notice

by court of appeals).[1]

PER CURIAM

Memorandum Opinion delivered and
filed this the 29th day of July, 2008.

---

[1] There are several motions pending by the parties.  First, on February 7, 2008, appellees, along with Lori Blank, who is described as an "interested person," (collectively "appellees") filed a motion with this Court to cancel two lis pendens allegedly filed by appellant as a result of this litigation.  Appellees argue that the lis pendens are void, and because the appeal is now pending in this Court, we may issue an order to that effect. *See* TEX. PROP. CODE ANN. § 12.008(a) (Vernon 2003) (stating that "the court hearing the action may cancel the lis pendens at any time during the proceeding").  Our jurisdiction is governed by Texas Government Code section 22.220, which gives us appellate jurisdiction over civil cases. TEX. GOV'T CODE ANN. § 22.220 (Vernon 2004).  Texas Property Code section 12.008 does not give us original jurisdiction to determine the facts necessary to find that the lis pendens at issue here are void.  Such a determination must be made by the trial court in the first instance, subject to our review on appeal or by mandamus. *Id.* § 22.221 (Vernon 2004). Accordingly, the motion to cancel the lis pendens is not properly before this Court, and we dismiss the motion for lack of subject-matter jurisdiction.

Having said that, we note that when a plaintiff files a lis pendens, and litigation is terminated in favor of the defendant, there is no further need for a lis pendens. *R.I.O. Sys., Inc. v. Union Carbide Corp.*, 780 S.W.2d 489, 493 (Tex. App.–Corpus Christi 1989, writ denied).  If the appellant in this case chooses not to appeal to or is unsuccessful in appeal to the Texas Supreme Court, he should, consistent with this law, agree to release the lis pendens.  Should he unreasonably fail to do so, such failure may then be the subject of a suit to remove the cloud on title caused by the lis pendens.

In response to appellees' motion to cancel the lis pendens, appellant filed a motion for sanctions.  We deny the motion.  All other pending motions are dismissed as moot.