**Murrell FOSTER and Carolyn Foster, a Married Couple, Appellants,**

**v.**

**James WILLIAMS and Larise Williams, a Married Couple, Appellees.**

**No. 06–01–00161–CV.**

Court of Appeals of Texas, Texarkana.

Submitted May 8, 2002.

Decided May 8, 2002.

Rehearing Overruled May 21, 2002.

Murrell Foster and Carolyn Foster, De Kalb, TX, appellant pro se.

Donald W. Capshaw and Valerie S. Farwell, Patton, Haltom, Roberts, Texarkana, R. Dwayne Danner, Attorney at Law, Irving, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Murrell and Carolyn Foster appeal from the dismissal of their lawsuit. The trial court construed the Fosters' cause of action as an action to quiet title and dismissed the action because the statute of limitations for that type of claim had expired.

The initial question we must answer is whether we have jurisdiction to determine the appeal. The judgment was signed on September 12, 2001, and the Fosters filed a request for findings of fact and conclusions of law on September 17, 2001. They filed a document on December 11, 2001, that was treated as a notice of appeal. The question is whether the Fosters' notice of appeal is adequate, and if so, whether it was timely.

The Fosters filed a docketing statement in this Court rather than a notice of appeal in the trial court. They contend that the docketing statement filed in this Court suffices for a notice of appeal. The docketing statement is required by TEX.R.APP. P. 32.1 and is designed to provide this

Court with specific information about an appeal. Appearing below the title of the docketing statement form is the following language: "This docketing statement must be filed by appellants with the Clerk of the Sixth Court of Appeals ... upon perfecting appeal." The form also contains a space for the appellant to show when the notice of appeal was either filed or mailed to the trial court clerk.

We asked the Fosters to address the apparent defect in the perfection of their appeal. They contend that the docketing statement is sufficient to serve as a notice of appeal because it contains the essential information required by Tex. R.App. P. 25.1(d). They also suggest that because they are appealing pro se, they should not be required to strictly follow the procedural rules that persons represented by attorneys are required to follow.[1] That is not the standard for pro se litigants. Although we may read the language of pro se documents broadly, we do not otherwise apply lesser standards for the benefit of pro se litigants. Pro se litigants are held to the same standards as licensed attorneys, and they must therefore comply with all applicable rules of procedure. *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex.App.-Amarillo 2000, no pet.); *Chandler v. Chandler*, 991 S.W.2d 367, 379 (Tex.App.-El Paso 1999, pet. denied); *In re Estate of Dilasky*, 972 S.W.2d 763 (Tex. App.-Corpus Christi 1998, no pet.); *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex. App.-Texarkana 1995, writ denied). No allowance is made because a litigant is not an attorney. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex.App.-Texarkana 1997, no writ). If pro se litigants were held to a lesser standard, they would be given an unfair advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978); *Lin v. Houston Cmty. Coll. Sys.*, 948 S.W.2d 328, 336 (Tex.App.-Amarillo 1997, writ denied).

The question is whether we may treat the docketing certificate as a notice of appeal. The two documents are entirely different. A notice of appeal is filed with the trial court clerk and should identify the court and style of the case, state the date of judgment, state that the party wishes to appeal, state the court to which the appeal is taken, and state the names of the parties. A copy is to be filed with the appellate court. Tex.R.App. P. 25.1.

The docketing statement is filed with the appellate court, and it is required to contain more detailed information than a notice of appeal. A docketing statement does not contain language stating that the party wishes to appeal. Rather, it assumes that the party wishes to appeal, and it presupposes that a valid notice of appeal has been filed. Its purpose is purely administrative, to provide the information that allows the appellate court to both properly docket the appeal and efficiently move it forward through the appellate system. Tex.R.App. P. 32.1.

The ultimate question, then, is whether a docketing statement may serve as a notice of appeal and be sufficient to invoke the jurisdiction of the appellate court. This specific question has not been previously addressed by the Texas courts.

---

1. As authority for this position, the Fosters cite an inmate litigation lawsuit decided by the United States Supreme Court in which the Court stated that it would hold pro se complainants to less stringent standards than lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Although, because of their status as prisoners, we review the claims of inmates proceeding pro se in civil suits with liberality and patience, that practice does not extend beyond that context. *See $429.30 In United States Currency v. State*, 896 S.W.2d 363, 365 (Tex.App.-Houston [1st Dist.] 1995, no writ).

The Fosters point out that the docketing statement does contain some of the essential information required for a notice of appeal. The docketing statement also makes it clear that the Fosters want to pursue an appeal. The document, however, is not a notice of appeal, as can readily be seen by the fact that it contains a blank, to be filled in by the party, designed to provide the appellate court with information about the date on which the notice of appeal was filed. In this case, that blank does not contain the required information.

The Texas Supreme Court has held that the Rules of Appellate Procedure should be interpreted liberally to allow appellate courts to reach the merits of an appeal whenever possible. *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987); *Consol. Furniture Co. v. Kelly,* 366 S.W.2d 922, 923 (Tex.1963). To further that principle, the court has given appellants broad latitude to amend their perfecting documents. *See, e.g., Maxfield v. Terry,* 888 S.W.2d 809, 810–11 (Tex.1994) (cost bond may be amended by filing an additional bond if the first cost bond was mistakenly intended to invoke the appellate court's jurisdiction in two different causes); *City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex. 1992) (notice of appeal could be amended to show correct cause number); *Woods Exploration & Producing Co. v. Arkla Equip. Co.,* 528 S.W.2d 568, 570 (Tex.1975) (clerk's certificate of cash deposit could be amended to show additional parties).

In *Linwood v. NCNB Tex.,* 885 S.W.2d 102, 103 (Tex.1994), and *Grand Prairie Indep. Sch. Dist. v. S. Parts Imps., Inc.,* 813 S.W.2d 499, 500 (Tex.1991), the Texas Supreme Court held that an appellant could amend an inadequate perfecting instrument by filing a different instrument.

In *Grand Prairie,* the Court held that an appellant who timely filed a notice of appeal, but who should have filed an appeal bond, was entitled to amend or refile by filing a cost bond or making a cash deposit. The common factor linking these cases is that some document was timely filed that could later be amended.

In *Grand Prairie Indep. Sch. Dist. v. S. Parts Imps., Inc.,* 813 S.W.2d at 500, the Court said:

> If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our rules to perfect the appeal.

In *Linwood v. NCNB Tex.,* 885 S.W.2d 102, the Court followed *Grand Prairie* in holding that an appellant who mistakenly filed a notice of appeal and then filed a cost bond fifty-three days after the judgment was signed, was entitled to appeal.[2] The Court reiterated, "The court of appeals ... has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction." *Id.* at 103.

The decisions in both *Grand Prairie* and *Linwood* were based in part on former TEX.R.APP. P. 83 (Vernon 1997), which provided that an appeal shall not be dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend the defects or irregularities. TEX.R.APP. P. 44.3. Following the Texas Supreme Court's guidelines, we construe the Fosters' docketing statement as a bona fide attempt to perfect an appeal.

---

**2.** These cases were decided under the former Rules of Appellate Procedure, which required a cost bond to perfect the appeal rather than the notice of appeal required under the current version of the rules.

TEX.R.APP. P. 26 provides that a notice of appeal must be filed within thirty days of the signing of the judgment unless some document is filed that extends that time period to ninety days. In this case, within the requisite time period, the Fosters filed a request for findings of fact and conclusions of law.

The Texas Supreme Court has held that a request for findings of fact and conclusions of law does not extend the time for perfecting the appeal of a judgment rendered as a matter of law, because in such a case, the findings and conclusions can have no purpose and should not be requested or made. The Court said examples of that type of proceeding include cases that are dismissed on the pleadings and cases where the judgment is rendered without an evidentiary hearing. *IKB Indus. Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 443 (Tex.1997).

In this case, the trial court determined from the pleadings, after argument but without hearing any evidence, that the case should be dismissed. Under the authority of *IKB*, we hold that the request for findings of fact and conclusions of law did not extend the appellate timetable. Accordingly, the time for filing the notice of appeal expired thirty days after the judgment was signed by the trial judge. TEX.R.APP. P. 26.1(a)(4). The docketing statement filed by the Fosters, even if considered to suffice as a notice of appeal, was not filed until approximately eighty days after the judgment was signed. It was thus not timely. When a timely notice of appeal is not filed, this Court does not have jurisdiction to consider the appeal on its merits.

The appeal is dismissed for want of jurisdiction.