NO. 07-02-0480-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 21, 2002
_____

IN RE DARRICK M. KIZZEE,

Relator

_____

***ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Pending before this court is the petition for writ of mandamus of Darrick M. Kizzee (Kizzee).  Through it, Kizzee asks that we order the Honorable John Board, District Judge, 181st Judicial District (district court), to rule upon his "Motion to Release Evidence."  The latter purports to be a motion requesting the district court to order the Texas Department of Criminal Justice (TDCJ) to release various records pertaining to Kizzee or his criminal conviction.  From the face of the documents attached to the petition for writ of mandamus, we see that Kizzee asked for the records pursuant to the Texas Open Records Act, TEX. GOV. CODE ANN. §552.001 *et seq.* (Vernon 1994).  We deny the petition for the following reasons.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

First, the petition fails to conform with the requisites of Texas Rules of Appellate Procedure 52.1, 52.2, and 52.3. And, that Kizzee may be acting *pro se* or that he may be a resident of a penal institution does not relieve him from complying with the rules of procedure. *Foster v. Williams,* 74 S.W.3d 200 (Tex. App.—Texarkana 2002, pet. denied).

Second, and to the extent that Kizzee actually complains about the failure by the TDCJ to comply with his open records request, the appropriate remedy is to initiate a suit for writ of mandamus, TEX. GOV. CODE ANN. §552.321(a), or one for declaratory and injunctive relief. *Id.* at 552.3215(b). His "Motion to Release Evidence" constitutes neither.

Third, assuming *arguendo* that the "Motion to Release Evidence" may be deemed a suit for mandamus or declaratory relief and that citation was properly served upon those entitled to notice and citation, nothing of record indicates that the motion was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do so. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992). To the extent that Kizzee complains of the district court's failure to rule upon his motion, application of the foregoing rule would necessarily require him to illustrate that it was aware of the document.[2] The

---

[2]Filing something with the district clerk does not mean the trial court is aware of it. Nor is that clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Thus, it was incumbent upon Kizzee to prove that the trial court received notice. *Id.* Merely alleging that something was filed with the district clerk is not enough. *Id.*

court cannot be faulted for doing nothing if it was not aware of the need to act.

Fourth, and assuming *arguendo* that the motion is brought to the attention of a district court, the latter has a duty to consider and rule upon it. *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). This is so because the act of considering it is ministerial. *In re Bates*, 65 S.W.2d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d 267 (Tex. App.—Tyler 1993, orig. proceeding). However, the court has a reasonable time within which to act. *Id.* And, whether that period lapsed is dependent upon the circumstances of each case. *In re Bates*, 65 S.W.2d at 135. In other words, no bright-line demarcates the boundaries of a reasonable time period. *Id.* Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.2d at 135; *see Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694-695 (Tex. App.—Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, no pet.), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right

to same, *In re Bates*, 65 S.W.2d at 135; *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992), Kizzee had the obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time.

The record before us merely illustrates that Kizzee may have filed his "Motion to Release Evidence" on or about October 17, 2002, that is, a bit more than a month ago. Yet, no other evidence purporting to touch upon the indicia discussed in the preceding paragraph appears of record. And, because we do not hold that the district court's failure to act within a month upon a motion being filed *per se* constitutes unreasonable delay, Kizzee failed to satisfy his burden of proof.

Accordingly, the petition for writ of mandamus is denied.

                                        Brian Quinn
                                        Justice

Do not publish.