Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JAIME GARCIA and BLANCA GARCIA,
)
 No. 08-02-00379-CV

)


 Appellants,
)
 Appeal from

)
 

v.
)
 County Court at Law No. 7

)


JOSE LUIS RODRIGUEZ,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 2001-3883)


MEMORANDUM OPINION ON MOTION



 Pending before the Court is the motion of Appellee, Jose Luis Rodriguez, to dismiss this
appeal because Appellants, Jaime and Blanca Garcia, filed a defective notice of appeal. The motion
to dismiss is denied.

UNDERLYING FACTS


 Jose Luis Rodriguez filed a petition to quiet title against several defendants, including Jaime
Garcia. The trial court entered a default judgment against Jaime Garcia on April 22, 2002 when he
failed to answer or appear for trial. Jaime and Blanca Garcia, represented by counsel, filed a motion
for new trial on May 10, 2002 alleging that their failure to appear was the result of accident or
mistake, and they asserted the existence of a meritorious defense. (1) On July 1, 2002, the trial court
granted the motion for new trial and set the case for trial on August 1, 2002. The Garcias and their
attorney failed to appear for trial on August 1, 2002 when the trial court called the case for trial. 
Consequently, in an order dated August 9, 2002, the trial court set aside its prior order granting the
motion for new trial and reinstated the prior default judgment. The Garcias filed a notice of appeal
on August 23, 2002. In that notice of appeal, the Garcias state they are appealing from an order
dated August 1, 2002. Both the Garcias and Rodriguez have filed their briefs on appeal.

MOTION TO DISMISS


 Rodriguez requests that the appeal be dismissed because the Garcias' notice of appeal fails
to accurately identify the order from which they appeal. (2) According to Rodriguez, dismissal is
mandatory because the notice of appeal does not comply with Rule 25.1(d)(2)'s requirement that it
"state the date of the judgment or order appealed from." See Tex.R.App.P. 25.1(d)(2). Further, he
argues that the notice of appeal does not constitute a bona fide attempt to invoke the jurisdiction of
this Court and the Garcias should not be permitted to amend the notice of appeal. We disagree with
both arguments.

 We will address the jurisdictional argument first. The Texas Supreme Court has consistently
held that a court of appeals has jurisdiction over an appeal when the appellant files an instrument that
is "a bona fide attempt to invoke appellate court jurisdiction." Grand Prairie Independent School
District v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex.1991)(per curiam). The factor
which determines whether jurisdiction has been conferred on the appellate court is not the form or
substance of the perfecting instrument but whether the instrument was filed in a bona fide attempt
to invoke appellate court jurisdiction. See Walker v. Blue Water Garden Apartments, 776 S.W.2d
578, 581 (Tex. 1989).

 In the notice of appeal, the Garcias erroneously recite the date of the order they seek to appeal
as August 1, 2002, the date on which the trial court called the case for trial and the Garcias failed to
appear, rather than August 9, 2002, the date on which the trial court actually signed the order setting
aside its prior order granting the motion for new trial and reinstating the prior default judgment. 
While the notice of appeal should have recited the correct date of the order, it is clear from the
clerk's record that the Garcias seek to appeal the August 9, 2002 order. Therefore, we conclude that
the Garcias filed the notice of appeal in a bona fide attempt to invoke this Court's jurisdiction. See
City of San Antonio v. Rodriguez, 828 S.W.2d 417, 418 (Tex. 1992)(notation of wrong cause number
on notice of appeal did not defeat appellate court's jurisdiction).

 With respect to Rodriguez's argument that dismissal is mandatory, Rodriguez is correct that
Rule 25.1(d)(2) requires that the notice of appeal state the date of the judgment or appealable order. 
Although Rule 42.3(c) permits dismissal of an appeal where the appellant has failed to comply with
a requirement of the rules, a court order, or a notice from the clerk requiring a response or other
action within a specified time, the rules do not require dismissal when an appellant fails to comply
with Rule 25.1(d). Dismissal pursuant to Rule 42.3(c) is discretionary with the appellate court. The
Texas Supreme Court has held that the Rules of Appellate Procedure should be interpreted liberally
to allow appellate courts to reach the merits of an appeal whenever possible. Jones v. Stayman, 747
S.W.2d 369, 370 (Tex. 1987); Foster v. Williams, 74 S.W.3d 200, 203 (Tex.App.--Texarkana 2002,
pet. denied). To further that principle, appellants have consistently been given broad latitude to
amend their perfecting documents. See Foster, 74 S.W.3d at 203 (and cases cited therein). The
ability to amend extends to the notice of appeal. City of San Antonio v. Rodriguez, 828 S.W.2d at
418 (notice of appeal could be amended to show correct cause number). From our review of the
briefs filed by the Garcias and Rodriguez, there is no confusion as to which order the Garcias
challenge on appeal. Consequently, we will not require the Garcias to amend their notice of appeal
as it would serve no useful purpose. (3) Rodriguez's motion to dismiss is denied.



May 15, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

1. Blanca Garcia was not a party to the April 22, 2002 judgment. Rodriguez raises an issue in his reply brief
questioning Blanca Garcia's standing to appeal. It is unnecessary to address that issue in ruling on Rodriguez's motion
to dismiss.
2. In his motion, Rodriguez erroneously relies on Rule 42.4 of the Texas Rules of Appellate Procedure which
only applies to involuntary dismissal in criminal cases. See Tex.R.App.P. 42.4. We assume he intended to rely on
Tex.R.App.P. 42.3. 
3. We note that Rodriguez is incorrect in his assertion that the rules of appellate procedure do not permit
amendment of a notice of appeal after the appellant's brief has been filed. Rule 25.1(f) specifically allows amendment
of the notice of appeal on leave of court after the appellant's brief is filed. See Tex.R.App.P. 25.1(f).