NUMBER 13-06-558-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


_______________________________________________________


BARBARA KESSLER, Appellant,


v.



SANTOS C. SANCHEZ, Appellee.

_______________________________________________________


On appeal from the County Court 


of Gillespie County, Texas.


_______________________________________________________

 

MEMORANDUM OPINION


 

Before Justices Yañez, Garza, and Benavides


Memorandum Opinion Per Curiam


 In this action over a loan and the destruction of property, Barbara Kessler appeals
the trial court's judgment awarding her $638.23, rather than the $4669.10 she claims she
is owed by appellee, Santos Sanchez. Because the facts of this case and its procedural
history are well-known to the parties, we do not recite them in detail. All dispositive issues
being clearly settled in law, we issue this memorandum opinion. See Tex. R. App. p. 47.4. 
We affirm.

 Appellant filed an action in small claims court seeking to recover money loaned to
Santos Sanchez and damages for the loss of some of her personal property. Appellant
received a judgment in her favor for $648.23. Appellant appealed the decision to county
court at law. After a bench trial, the judge awarded appellant the sum of $638.23. 

 Appellant is representing herself in the appeal. As a pro se litigant, appellant is held
to the same standards as a licensed attorney and must comply with applicable laws and
rules of procedure. Foster v. Williams, 74 S.W.3d 200, 202 (Tex. App.-Texarkana 2002,
pet. denied); Clemens v. Allen, 47 S.W.3d 26, 28 (Tex. App.-Amarillo 2000, no pet.);
Chandler v. Chandler, 991 S.W.2d 367, 379 (Tex. App.-El Paso 1999, pet. denied). No
allowance is made because a litigant is not an attorney. Foster, 74 S.W.3d at 202.

 Texas Rule of Appellate Procedure 38 prescribes the requirements for appellant's
brief. See generally Tex. R. App. P. 38. The rule provides that a brief to this Court shall
contain, among other things, a concise, nonargumentative statement of the facts of the
case, supported by record references, and a clear and concise argument for the
contentions made with appropriate citations to authorities and the record. Tex. R. App. p.
38.1; McIntyre v. Wilson, 50 S.W.3d 674, 682 (Tex. App.-Dallas 2001, pet. denied).

 In this case, after receiving a deficient brief from appellant, we instructed her to file
an amended brief in compliance with the appellate rules. Appellants' brief failed to comply
with Texas Rules of Appellate Procedure 9.4 and 38.1(a), (b), (c), (d), (e), (f), (g), and (h). 
See generally Tex. R. App. P. 9.4, 38.1. Among other deficiencies, for instance, appellant's
brief failed to include any citations to the record or to relevant legal authorities, whether
derived from case law or statute. Appellant was ordered to file an amended brief, in full
compliance with Texas Rules of Appellate Procedure 9.4 and 38.1, correcting these
briefing deficiencies. We warned appellant that the failure to cure the briefing deficiencies
would result in the dismissal of the appeal without further notice. See Tex. R. App. P. 42.3.

 Appellant filed an amended brief on January 29, 2007. In her amended brief,
appellant generally complains about the loan of money and destruction of property. Her
argument consists of the following:

 Plaintiff did not have a fair trial. Plaintiff did not have a 'court of record'
present to validate/confirm Defendant's statements. Defendant is very hard
to understand and hearing by the judges [sic] account, the amounts stated
by the Defendant did not mathematically add up to what Defendant stated. 
Hearing and understanding was not clarified/confirmed. Motion filed
regarding necessity for 'court of record' and to return to original venue. 
Defendant changes what he says during his statements and again
individually from Justice Court [and] County Court.


Appellant provides no other discussion or analysis regarding her issue(s). She refers to
one case, but provides no explanation regarding the case's applicability to her appeal. She
cites one statue for the proposition that the money at issue in this matter was her separate
property. She fails to provide any references to the record. Under these circumstances,
we conclude appellant's issues are inadequately briefed. See TEX. R. APP. P. 38.1.

 Moreover, appellant's issues appear generally to complain that she is owed the
money at issue and additional funds to compensate her for the alleged destruction of her
property. Appellant, however, did not filed a reporter's record from the trial of this case or
attempt to comply with rule of appellate procedure 34.6(c) regarding a partial reporter's
record. Under these circumstances, we presume the record supports the trial court's
judgment. See Marion v. Davis, 106 S.W.3d 860, 869 (Tex. App.-Dallas 2003, pet.
denied). We resolve appellant's issues against her. We affirm the trial court's judgment.


 PER CURIAM

Memorandum Opinion delivered and 

filed this the 10th day of May, 2007.