In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00006-CV


______________________________




SAMMY WOODS, Appellant



V.



WAL-MART STORES, INC., Appellee




 


On Appeal from the 62nd Judicial District Court


Lamar County, Texas


Trial Court No. 73834




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 After slipping on a red, sticky substance while shopping at a store operated by Wal-Mart
Stores, Inc., Sammy Woods filed suit against Wal-Mart. Wal-Mart filed a traditional and no-evidence motion for summary judgment October 24, 2006. At the time, Woods was incarcerated. 
On November 17, 2006, the trial court held a summary judgment hearing via telephone and entered
an order granting Wal-Mart's summary judgment motion. Woods failed to file a written response
or any summary judgment evidence prior to the hearing. Woods, proceeding pro se, appeals the
granting of Wal-Mart's motion for summary judgment. 

 The law is well settled that "[a] party proceeding pro se must comply with all applicable
procedural rules" and is held to the same standards as a licensed attorney. Weaver v. E-Z Mart
Stores, Inc., 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997, no pet.). "On appeal, as at trial,
the pro se appellant must properly present his or her case." Strange v. Cont'l Cas. Co., 126 S.W.3d
676, 678 (Tex. App.--Dallas 2004, pet. denied). We review and evaluate pro se pleadings with
liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by
lawyers. Foster v. Williams, 74 S.W.3d 200, 202 n.1 (Tex. App.--Texarkana 2002, pet. denied). 
The Texas Rules of Appellate Procedure require an appellant's brief to contain "a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the record." Tex.
R. App. P. 38.1(h). Even by construing Woods's brief with liberality and patience, Woods has failed
to adequately brief his issues on appeal. As such, he has failed to assign error for our review. See
id. Nevertheless, we will consider his issues to the extent possible. To the best of our
understanding, Woods appears to be complaining that the trial court erred in granting the summary
judgment and erred in not allowing Woods to appear at the hearing in person. 

 The standards of review for both a traditional motion for summary judgment and a no-evidence motion for summary judgment are well established. When reviewing a traditional summary
judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable
inference and resolve any doubts in the nonmovant's favor. Limestone Prods. Distribution, Inc. v.
McNamara, 71 S.W.3d 308, 311 (Tex. 2002). Summary judgment is proper when the movant
establishes that there is no genuine issue of material fact and that he is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671
(Tex. 1979). A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant
presents more than a scintilla of probative evidence on each element of his claim. King Ranch, Inc.
v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70-71
(Tex. App.--Austin 1998, no pet.). More than a scintilla of evidence exists when the evidence "rises
to a level that would enable reasonable and fair-minded people to differ in their conclusions." 
Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 

 In a summary judgment hearing, the trial court's decision is based upon written pleadings and
written evidence rather than live testimony. See Tex. R. Civ. P. 166a(c). Woods failed to file a
written response or any summary judgment evidence prior to the hearing. (1) We note that Woods did
attach some documents to a motion titled "Plaintiff's Verified Motion To Reinstate And Appeal
From Summary Judgment." This motion was filed on December 6, 2006. The attached documents
consist of some medical records and various letters. The documents do not appear to be
accompanied by a business records affidavit. 

 Any written responses and evidence opposing a motion for summary judgment must be filed
and served at least seven days before the date specified for a hearing. Tex. R. Civ. P. 166a(c). 
Responses and summary judgment evidence that are not timely filed may be disregarded by the trial
court. See Pinckley v. Dr. Francisco Gallegos, M.D., P.A., 740 S.W.2d 529, 532 (Tex. App.--San
Antonio 1987, writ denied). Even if we construed this motion as a response to Wal-Mart's summary
judgment, the motion was not timely filed.

 We note the trial court may grant leave to a litigant to file material after the deadline. Tex.
R. Civ. P. 166a(c). The record does not indicate the trial court granted leave to file a late summary
judgment response. As such, we must presume the late-filed summary judgment response was not
considered by the trial court. INA of Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985). A trial court
does not abuse its discretion in denying leave to file a late summary judgment response if the litigant
fails to show "(1) the failure to respond was not intentional or the result of conscious indifference,
but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay
or otherwise injure the party seeking summary judgment." Carpenter v. Cimarron Hydrocarbons
Corp., 98 S.W.3d 682, 687-88 (Tex. 2002). In his motion, Woods failed to show good cause for his
failure to file a timely summary judgment response. The trial court did not err in denying Woods
the opportunity to present live testimony at the summary judgment hearing and was not required to
consider the documents filed after the hearing. (2)

 Because Woods failed to file any summary judgment evidence, Woods has failed to show
there is more than a scintilla of probative evidence on each element of his claim. There is no
evidence that would enable reasonable and fair-minded people to differ in their conclusions. The
trial court did not err in granting Wal-Mart's motion for summary judgment.

 Woods contends the trial court erred in not issuing a bench warrant so he could attend the
hearing in person. "It is well-established that litigants cannot be denied access to the courts simply
because they are inmates. However, an inmate does not have an absolute right to appear in person
in every court proceeding." In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003) (citations omitted). The
inmate's right of access to the courts must be weighed against the protection of our correctional
system's integrity. Id. When deciding whether to grant an inmate's request for a bench warrant, a
trial court should consider: 

 the cost and inconvenience of transporting the prisoner to the courtroom; the security
risk the prisoner presents to the court and public; whether the prisoner's claims are
substantial; whether the matter's resolution can reasonably be delayed until the
prisoner's release; whether the prisoner can and will offer admissible, noncumulative
testimony that cannot be effectively presented by deposition, telephone, or some
other means; whether the prisoner's presence is important in judging his demeanor
and credibility; whether the trial is to the court or a jury; and the prisoner's
probability of success on the merits.

Id. We cannot say the trial court abused its discretion in not issuing a bench warrant. 

 For the reasons stated, we affirm the judgment of the trial court.



 Bailey C. Moseley 

 Justice


Date Submitted: March 29, 2007

Date Decided: May 16, 2007

1. In his brief, Woods argues that he mailed his summary judgment evidence to Wal-Mart. 
This allegation is not supported by the record in this case. Even if true, Woods fails to cite any
authority that Wal-Mart would have a duty to file said evidence on his behalf.
2. We note the attachments contain no evidence that Wal-Mart was negligent, failed to exercise
reasonable care, or had actual or constructive knowledge of the dangerous condition.


e statutes to allow the substitution of a
duly qualified alternate juror for a juror who has developed a legitimate reason to be excused after
the jury has been impaneled. See Sneed v. State, 209 S.W.3d 782, 787 (Tex. App.--Texarkana 2006,
pet. filed).