In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00144-CV


______________________________




IN RE:


JEFFREY SCOTT HATFIELD






 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Jeffrey Scott Hatfield has filed a pro se (1) petition for writ of mandamus which names the
Honorable Robert Newsom, presiding judge of the Eighth Judicial District Court of Hopkins County,
Texas, as Respondent. On or about January 30, 2006, the Eighth Judicial District Court of Hopkins
County issued an order under statutory fiat directing payment of $628.00 be made from Hatfield's
inmate trust fund to reimburse the county for "court costs, fees and/or fines." The trial court's order
states that it is based on Section 501.014(e) of the Texas Government Code, which allows the
Department, on "notification by a court," to withdraw from an inmate's trust account any amount the
inmate is ordered to pay by order of the court. See Tex. Gov't Code Ann. § 501.014(e) (Vernon
2004); see also In re Keeling, 227 S.W.3d 391, 394 (Tex. App.--Waco 2007, orig. proceeding);
Abdullah v. State, 211 S.W.3d 938, 943 (Tex. App.--Texarkana 2007, no pet.) (finding inmate was
not afforded procedural due process). 

 On or about July 16, 2007, Hatfield filed a restricted notice of appeal. This Court dismissed
Hatfield's appeal as untimely. See Hatfield v. State, No. 06-07-00093-CV, 2007 Tex. App. LEXIS
7469 (Tex. App.--Texarkana Sept. 14, 2007, no pet.) (mem. op.). Hatfield then filed a petition for
writ of mandamus seeking to declare the order void. After the trial court signed an order declaring
void the order directing payment, this Court denied Hatfield's petition as moot. In re Hatfield, No.
06-07-00112-CV, 2007 Tex. App. LEXIS 8993 (Tex. App.--Texarkana Nov. 15, 2007, orig.
proceeding) (mem. op.). In denying Hatfield's petition, this Court noted the record was inadequate. 
Id. 

 In  this  second  petition  for  writ  of  mandamus,  Hatfield  has  attached  a  document  dated
January 1, 2007, showing a balance of $437.19 owed for "Texas Court Fee/Charge." Hatfield argues
we should subtract the balance owed on January 1, 2007, from "$638" (2) to calculate the amount paid
under the void order. Hatfield requests this Court to order the trial court "to refund exactly $180.81
dollars to the Relator's trust fund which was erroneously seized." 

 Mandamus relief is appropriate only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law (which is often described as a "ministerial"
act), and (2) the absence of a clear and adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131,
132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A
remedy is not inadequate merely because it may involve more expense or delay than obtaining an
extraordinary writ. Walker, 827 S.W.2d at 842. "With respect to resolution of factual issues or
matters committed to the trial court's discretion, the reviewing court may not substitute its judgment
for that of the trial court." Id. at 839-40. "The relator must establish that the trial court could
reasonably have reached only one decision." Id. Mandamus is not appropriate when there are factual
disputes. In re Angelini, 186 S.W.3d 558, 560 (Tex. 2006).

 Hatfield has failed to show he has asked the trial court for relief and the trial court refused. 
"A party's right to mandamus relief generally requires a predicate request for some action and a
refusal of that request." In re Perritt, 992 S.W.2d 444, 446 (Tex. 1999). Hatfield must first request
relief from the trial court. 

 We further deny Hatfield's petition for failure to comply with Rule 52.3. It is the relator's
burden to provide this Court with a sufficient record to establish his or her right to mandamus relief.
Walker, 827 S.W.2d at 837; In re Pilgrim's Pride Corp., 187 S.W.3d 197, 198-99 (Tex.
App.--Texarkana 2006, orig. proceeding); see Tex. R. App. P. 52.3. Hatfield's petition for
mandamus relief is not accompanied by a certified or sworn copy of the motion that is the subject
of his complaint, as is required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 52.3(j)(1)(A). Even if we were to take judicial notice of the records in the related
appeal and petition for writ of mandamus, the record would still be inadequate. 








 For the reasons stated, we deny Hatfield's petition for writ of mandamus.



 Jack Carter

 Justice


Date Submitted: December 4, 2007

Date Decided: December 5, 2007

1. The law is well settled that "[a] party proceeding pro se must comply with all applicable
procedural rules" and is held to the same standards as a licensed attorney. Weaver v. E-Z Mart
Stores, Inc., 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997, no pet.). "On appeal, as at trial,
the pro se appellant must properly present his or her case." Strange v. Cont'l Cas. Co., 126 S.W.3d
676, 678 (Tex. App.--Dallas 2004, pet. denied). We review and evaluate pro se pleadings with
liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by
lawyers. Foster v. Williams, 74 S.W.3d 200, 202 n.1 (Tex. App.--Texarkana 2002, pet. denied).
2. As noted above, the order specified $628.00 to be garnished from Hatfield's account. We
note Hatfield's calculation is also not mathematically correct.