COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 









 
 
 POINETTE R. GODFREY AND
 JORDAN
 A. GODFREY-STOVAL, 
  
                             Appellants,
  
 v.
  
  
 SECURITY
 SERVICE FEDERAL
 CREDIT UNION,
                             Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
  
 No. 08-10-00312-CV
  
 Appeal from the
  
  73rd
 Judicial District Court
  
 of Bexar County, Texas 
  
 (TC# 2010CI02176) 
  
 
 


 

O P I N I O N

 

            Appellants
sued Appellee for various claims, including civil violation of the Texas
Deceptive Trade Practices – Consumer Protection Act, breach of warranty, breach
of contract, breach of fiduciary duty, and breach of implied covenant of good
faith and fair dealing.  Appellee filed a
motion for summary judgment asserting separate no-evidence challenges to all
five of Appellants’ claims, and asserting traditional summary judgment
challenges to Appellants’ claims for violation of the
Texas Deceptive Trade Practice – Consumer Protection Act, breach of warranty,
breach of fiduciary duty, and breach of the implied covenant of good faith and
fair dealing.  Appellants responded to
Appellee’s motion for summary judgment.  Appellee
filed objections to Appellants’ summary judgment evidence, all of which were
sustained by the trial court. 
Ultimately, the trial court granted Appellee’s motion for summary
judgment in all respects.  Appellants
raise four issues challenging the trial court’s granting of Appellee’s motion
for summary judgment.  Finding no error, we
affirm.    

Background

            In February
2003, Appellants opened two certificates of deposit (“CD”) with Appellee
Security Service Federal Credit Union (“SSFCU”).  Each CD was opened in the amount of $100,000
and each CD would mature after 60 months. 
Appellant Poinette R. Godfrey held one CD in
her name, and was a joint holder of the other, along with her son, Appellant
Jordan A. Godfrey-Stoval.  After opening the CD’s, Appellant Poinette R. Godfrey began taking out numerous lines of credit
and loans with SSFCU as well as a Mastercard account.  At least three of the loans were expressly
secured by the CD’s[1]
and the terms and conditions of all of the loans gave SSFCU the right to offset
any delinquent payments from accounts held by Appellants with SSFCU.

            In
2007, Appellant began to consistently fail to make timely and adequate payments
on her outstanding loans.  When that
happened, SSFCU invoked its right under the loan accounts to accelerate all
amounts due on all of the twenty-one loans and to offset them against
Appellants’ CD’s.  After the offset,
Appellants had a balance of $5,468.40 which was returned to Appellant Poinette R. Godfrey, at her request.  Appellee filed a no-evidence and traditional
motion for summary judgment and Appellants filed their response.  SSFCU then objected to essentially all of the
evidence offered by Appellants in support of their response to SSFCU’s motion
for summary judgment.  The trial court
sustained all of SSFCU’s objections, and granted SSFCU’s motion for summary
judgment without specifying the grounds for same.  Appellants raise four issues in this appeal,
all of which challenge the trial court’s order granting summary judgment.

            The issues
raised by Appellants are as follows:  (1)
“Does a Credit Union have the right to use ‘[d]ragnet
[c]lauses,’ to prevent its members from withdrawing
funds on a [n]on-negotiable, [n]on-transferable certificate of deposit, if so,
should it be hidden or communicated?;” (2) “[w]hether
more than two hundred pages of exhibits held too much to review, causing the District
Court to error [sic] in rendering the Appellee motion for summary judgment on
the entire case and all of it causes?;” (3) “[d]oes a
[f]inancial [i]nstitution
have a [f]iduciary [d]uty
to its members/owners; if one of its employees takes on a role as a [f]iduciary?”; and (4) “[d]oes a [f]inancial [i]nstitution have an
obligation to its members to uphold its commitments to its members/owners as
long as they are members/owners of the institution?”

            Because
Appellants are proceeding pro se, we will liberally
interpret the issues raised in their brief. 
However, we are mindful that in Texas, pro se plaintiffs are held to the same standards as those applied
to attorneys.  See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex.
1978); Wheeler v. Green, 157 S.W.3d
439, 444 (Tex. 2005)(Pro se litigants are generally held to the same standards as
applied to licensed attorneys.).  To do
otherwise could give a pro se
litigant an unfair advantage over litigants represented by counsel.  Cohn,
573 S.W.2d at 185; Foster v. Williams,
74 S.W.3d 200, 202 (Tex.App.--Texarkana 2002, pet.
denied).

            Here, our
liberal interpretation of the issues raised by Appellants results in two basic
complaints – specifically, that the trial court erred when it sustained all of
Appellee’s objections to Appellants’ summary judgment evidence, and that the
trial court erred by granting Appellee’s motion for summary judgment.

Standard of Review

            The
admission or exclusion of evidence is left to a trial court’s sound discretion.
 City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995).
 A party complaining on appeal of the
admission or exclusion of evidence must show both that the trial court’s ruling
was erroneous and probably caused rendition of an improper judgment.  Ganesan v. Vallabhaneni,
96 S.W.3d 345, 351 (Tex.App.--Austin 2002, pet.
denied).  We review evidentiary
rulings under the abuse of discretion standard.  Owens-Corning Fiberglas Corp. v. Malone, 972
S.W.2d 35, 43 (Tex. 1998).  A trial court abuses its discretion when it
acts without regard for any guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985).

Analysis

            Attached to Appellants’ response to SSFCU’s motion for summary judgment
are more than 200 pages of documents, some of which are duplicative of
documents submitted by SSFCU in support of its motion for summary
judgment.  Appellee objected to all of
the documents with the exception of those previously produced by SSFCU.  The trial court, without specifying the
reasons for its ruling, granted all of Appellee’s objections to the evidence
submitted by Appellant.  There were
multiple objections lodged by SSFCU to each of the exhibits attached to
Appellant’s response to the motion for summary judgment.  The trial court did not specify which
objections it was sustaining, noting only that it
would “sustain all objections.”[2]  In their brief, Appellants do not point out
to this Court the objections referred to in the trial court’s order that they
challenge.  Nor do they address any of
the possible bases on which the trial court could have based its rulings.[3]  Appellants further do not cite this Court to
any specific evidence which creates a fact issue as to the elements of each of
their claims challenged by SSFCU in its motion for summary judgment.

            Because
Appellants have not shown that the trial court’s exclusion of their summary
judgment evidence was and probably caused rendition of an improper judgment,
they are unable to show that the trial court abused its discretion by granting
Appellee’s objections to Appellants’ summary judgment evidence.  Issue One is therefore overruled.

Standard of Review on Summary
Judgment

Next, in a traditional summary
judgment proceeding, the standard of review on appeal is whether the successful
movant in the trial court carried the burden of showing that there is no
genuine issue of material fact and that judgment should be granted as a matter
of law.  Lear Sigler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Aguilar v. Trujillo, 162 S.W.3d 839, 849
(Tex.App.--El Paso 2005, pet. denied); Duran v. Furr’s
Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex.App.--El
Paso 1996, writ denied).  The question is
not whether the summary judgment proof raises fact issues as to required
elements of the movant’s cause or claim, but whether the summary judgment proof
establishes, as a matter of law, that there is no genuine issue of material
fact as to one or more of elements of the movant’s cause or claim.  Gibbs v. General Motors Corp, 450 S.W.2d 827, 828 (Tex. 1970).  In resolving these issues, all evidence
favorable to the non-movant must be taken as true and all reasonable
inferences, including any doubts, must be resolved in the non-movant’s
favor.  Nixon v. Mr. Property Mgmt. Co., Inc.,
690 S.W.2d 546, 548-49 (Tex. 1985). 
A trial court properly grants summary judgment in favor of a defendant
if that party conclusively establishes all elements of an affirmative defense,
or conclusively negates at least one element of the plaintiff’s claim.  American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997).  A traditional summary
judgment is subject to de novo
review.  Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003).

            A no-evidence summary judgment under Tex.R.Civ.P. 166(a)(i)
is essentially a pretrial directed verdict, and a reviewing court applies the
same legal sufficiency standard.  Wyatt v. Longoria, 33
S.W.3d 26, 31 (Tex.App.--El Paso 2000, no pet.).  The party moving for summary judgment on this
basis must specifically state the elements to which there is no evidence.  Tex.R.Civ.P.
166(a)(i).  The
burden then shifts to the non-movant to produce evidence raising a fact issue
as to the challenged elements  Id. 
When reviewing a no-evidence summary judgment, this Court must view all
the evidence in the light most favorable to the non-movant and disregard all
contrary evidence and inferences.  Merrell Dow Pharmaceuticals,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  A no-evidence summary judgment is improperly
granted if the respondent counters with more than a scintilla of probative
evidence to raise a genuine issue of material fact.  See Lampasas v. Spring Ctr., Inc., 988 S.W.2d 428, 432 (Tex.App.--Houston [14th Dist.] 1999, no pet.).  Less than a scintilla of evidence exists when
the evidence is so weak as to do no more than creates a mere surmise or
suspicion.  Kindred v. Con/Chem,
Inc., 650 S.W.2d 61, 63 (Tex. 1983). 
In a case where the trial court’s judgment does not specify the ground
or grounds relied upon for its ruling, the summary judgment must be affirmed if
any of the theories advanced is meritorious. 
Carr v. Brasher,
776 S.W.2d 567, 569 (Tex. 1989).

We will consider the no-evidence
grounds for summary judgment first, because if Appellant was unable to produce
more than a scintilla of evidence, there is no need to analyze whether Appellee
satisfied the more onerous traditional summary judgment burden.  See Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).

Analysis

The motion filed by SSFCU provided
the trial court with multiple independent grounds for judgment.  The elements of a claim brought under the
Texas Deceptive Trade Practices Act are that:  (1) the plaintiff is a consumer; (2) the
defendant can be sued under the DTPA; (3) the defendant committed a wrongful
act by engaging in a false, misleading, or deceptive act that is enumerated in
a subdivision of the Texas Business and Commerce Code section 17.46(b) or
breached an express or implied warranty, or engaged in an unconscionable action
or course of action; and (4) that the act constituted a producing cause of the
plaintiff’s damages.  See Tex.Bus.&Com.Code Ann. §§
17.41 – 17.63 (West 2011); Amstadt v. U.S. Brass
Corp, 919 S.W.2d 644, 649 (Tex. 1996).

SSFCU asserts that there is no
evidence supporting Appellants’ DTPA claim in that there is no evidence that
the mere purchase of a certificate of deposit gives Appellants standing as
consumers under the DTPA (see Henderson v. Texas Commerce Bank – Midland,
N.A., 837 S.W.2d 778, 782 (Tex.App.--El Paso
1992, writ denied), citing First Federal Sav.
& Loan Assoc. v. Ritenour, 704 S.W.2d 895,
898 (Tex.App.--Corpus Christi 1986, writ ref’d n.r.e); there is no
evidence that SSFCU represented that an agreement conferred or involved rights,
remedies, or obligations which it did not have or involve, or which were
prohibited by law; there is no evidence that SSFCU failed to disclose
information concerning goods or services which were known at the time of the
transaction and such failure to disclose such information was intended to
induce Appellants into a transaction into which they would not have entered had
the information been disclosed; there is no evidence that SSFCU took advantage
of Appellants’ lack of knowledge, ability, experience, or capacity when they
opened either the CD’s or the loans; there is no evidence that any alleged
disadvantage accruing to Appellants resulted in unfairness that was glaringly
noticeable, flagrant, complete, and unmitigated; and there is no evidence that
any act by SSFCU was a producing cause of Appellants’ alleged damages.

Next, the elements of a breach of
contract claim are the existence of a valid contract, performance or tendered
performance by a plaintiff, breach of the contract by the defendant, and
damages caused by the breach.  See Roof Sys. Inc. v.
Johns Manville Corp., 130 S.W.3d 430 (Tex.App.--Houston [14th Dist.] 2004, no pet.).
 SSFCU argues that there is no evidence
supporting Appellants’ breach of contract claim and specifically that there is
no evidence that: Appellants performed or tendered performance under any
contract; SSFCU breached any contract with Appellants; and Appellants were
damaged by any alleged breach of contract with SSFCU.

With respect to Appellants’ breach of
warranty claim, the elements are that the defendant sold services to the
plaintiff, the defendant made a representation to the plaintiff about the
characteristics of the services by affirmation of fact, promise, or
description, that the representation became part of the basis for the bargain,
that the defendant breached the warranty, the plaintiff notified defendant of
the breach, and the plaintiff suffered injury. 
Paragon Gen.
Contractors, Inc. v. Larco Constr. Inc., 227
S.W.3d 876, 886 (Tex.App.--Dallas 2007, no writ).  SSFCU argues that there is no evidence that
it made any representations about the characteristics of the services by
affirmation of fact, promise, or description, and that there is no evidence
that any such representation became part of the basis for the bargain; there is
no evidence that SSFCU breached any alleged warranty; there is no evidence that
Appellants notified SSFCU of any alleged breach; and there is no evidence that
Appellants suffered injury as a result of the alleged breach.

Next, Texas does not recognize an
implied covenant of good faith and fair dealing. Natividad v. Alexsis,
Inc. 875 S.W.2d 695, 697 (Tex. 1994); City
of Midland v. O’Bryant, 18 S.W.3d 209, 215 (Tex.
2000).  SSFCU argues that even if
such a cause of action existed in Texas, it would fail in this case because
Appellants have no evidence of a contract giving rise to a special
relationship.  See Bass v. Hendrix, 931 F.Supp.
523, 534 (S.D. Tex. 1996), citing Cavallini v. State Farm Mut.
Auto. Ins. Co., 44 F.3d 256,
262 (5th Cir. 1995).

It is certainly possible that
liberally construing Appellants pleadings, they intended to plead a breach of
the duty of good faith and
fair dealing.  However, SSFCU asserts
that there is no duty of good faith and fair dealing between a borrower and a
lender or between a bank and its customer. 
See, e.g. UMLIC VP LLC v. T & M Sales & Envtl.
Sys., Inc.,
176 S.W.3d 595, 613 (Tex.App.--Corpus Christi 2005,
pet. denied)(finding no special relationship to support duty of good faith and
fair dealing between borrower and lender).

Finally, the elements for a breach of
fiduciary duty claim include:  the
plaintiff and defendant had a fiduciary relationship; the defendant breached
its fiduciary duty to the plaintiff; and the defendant’s breach resulted in an
injury to the plaintiff or a benefit to the defendant.  See e.g. Burrow v. Arce, 997 S.W.2d 229, 237 (Tex. 1999).  SSFCU argues that there was no fiduciary
relationship between it and Appellants, there is no evidence that SSFCU
breached any alleged fiduciary relationship with Appellants, and that there is
no evidence that any alleged breach of any alleged fiduciary relationship
resulted in an injury to Appellants or a benefit to SSFCU.

Under these circumstances, Appellants’
burden, as the parties challenging the summary judgment on appeal, included
negating all summary judgment grounds which could have supported the
judgment.  See
Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).  Although an appellant may challenge a summary
judgment in a single issue, the appellant’s argument in support of that issue
must address and negate each ground upon which the trial court could have based
its decision.  See Leffler v. JP Morgan Chase Bank, N.A., 290 S.W.3d 384 (Tex.App.--El Paso
2009, no pet.).  When an appellant fails
to negate each ground on which the judgment could have been based, the
reviewing court must affirm.  Leffler, 290 S.W.3d at 387.

In their brief to this Court,
Appellants choose to address their DTPA and breach of contract claims by
arguing that there was a miscommunication between Appellants and SSFCU.  They do not attempt to negate each ground
upon which the trial court could have based its decision – indeed,
the elements of those claims are not even addressed in Appellants’ brief.  Accordingly, these claims fail.

Appellants do not address the breach
of an implied covenant of good faith and fair dealing in their brief.  In any event, there is no evidence of a
special relationship which would support a claim for breach of an implied
covenant or a duty of good faith and fair dealing, also a necessary element for
a breach of fiduciary duty claim.  Absent
any evidence of a special relationship, these claims fail as well.

Finally, with respect to their breach
of warranty claims, Appellants produced no evidence of a representation made by
Appellee about the characteristics of the services by affirmation of fact, by
promise, or by description, that the supposed representation became a part of
the bargain, and which SSFCU then breached. 
There is no evidence that Appellant notified SSFCU of any alleged breach
or that the alleged breach cause injury to Appellant.  As a result, Appellants’ claim for breach of
warranty fails as well.

Because we have determined that the
trial court could have properly found that Appellants were unable to produce
more than a scintilla of evidence when it granted Appellee’s no-evidence motion
for summary judgment, there is no need for us to analyze whether Appellee
satisfied the more onerous traditional summary judgment burden.

Conclusion

            Having
overruled each of Appellants’ issues, we affirm the trial court’s judgment.

 

 

December 7, 2011

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera,
and Antcliff, JJ.











 

[1]
Loan numbers 4374182031, 4666165021, and 4666165023.





[2] The objections lodged
against each exhibit included:  (1)
failure to specifically identify which document it was referring the trial
court to in support of Appellants’ response – in other words, the mere
attachment and reference of documents does not relieve a party of pointing out
to the trial court exactly what proof the party is relying on in support of its
response, see Gonzales v. Shing Wai
Brass and Metal Wares Factory, Ltd., 190 S.W.3d 742, 746 (Tex.App.--San Antonio 2005, no pet.); (2) a party cannot
rely on factual statements in pleadings or motions as summary judgment
evidence, see Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,
904 S.W.2d 656, 660 (Tex. 1995); lack of authentication pursuant to Tex.R.Evid.
901; hearsay pursuant to Tex.R.Evid. 801; and that
the affidavits attached to the response lack the proper form.

 





[3] Indeed, each of the objections
lodged against Appellants’ summary judgment evidence were appropriate in that
they could have been the basis for exclusion as to that particular document or
evidence being challenged.