

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00080-CV

ALAN HEADMAN, Appellant

V.

COTIVITI, INC., Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 136-22

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

The trial court granted a special appearance in favor of Cotiviti, Inc. Alan Headman has appealed. Even so, Headman fails to argue in his pro se brief that the trial court's special appearance ruling was erroneous. As a result, we affirm the trial court's judgment.

## I. Background

A Utah court entered a divorce decree that ordered Headman to pay alimony to his former wife. Headman's employer, Cotiviti, Inc., a Delaware corporation with its principal place of business in Utah, garnished Headman's wages pursuant to the Utah order. Headman filed many pro se pleadings attempting to collaterally attack the Utah order, and as a result, in 2019, the Third Judicial District Court of Salt Lake County, Utah, declared Headman a vexatious litigant.

Headman moved to Texas during the COVID-19 pandemic and sued Cotiviti. In his petition, Headman requested relief that would have required Cotiviti to "immediately cease garnishments . . . and immediately return all previously seized financial assets." Cotiviti filed a verified special appearance, which the trial court granted. Headman appeals.

## II. There is No Complaint About the Trial Court's Ruling on the Special Appearance

In his opening brief on appeal, Headman raises four points of error, but none apply to the issue of whether the trial court erred in granting the special appearance.[1] Even though Cotiviti's

---

[1]Headman's brief raises the following points:

    1.       Whether the 115th District Court in Upshur County, and/or any other Jurisdiction within Texas, has a Constitutional duty to grant a minimum level of discovery and due process whenever involuntary servitude within such jurisdiction is claimed to exist in violation of the Thirteenth Amendment.

response noted that Headman's brief "completely fail[ed] to address any of the facts specific to the trial court's . . . decision to grant Cotiviti's Special Appearance," the body of Headman's reply brief only focused on *his* contacts with Texas, not Cotiviti's.

"Although we may read the language of pro se documents broadly, we do not otherwise apply lesser standards for the benefit of pro se litigants." *Foster v. Williams*, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied). At a minimum, a point of error on appeal must complain about a trial court's ruling or failure to rule. Headman did not argue in his pro se briefs that the trial court erred by granting Cotiviti's special appearance. Instead, Headman asked this Court to "issue an immediate Sua Sponte order protecting [his] earnings." In the absence of any challenge to the trial court's ruling on the special appearance, we must affirm the trial court's judgment.[2]

---

2. Whether the Thirteenth Amendment language prohibiting the <u>existence</u> of Involuntary Servitude within <u>any</u> state, provides any exclusions for non-criminal involuntary servitude imposed by one state but being enforced through garnishment in the physical jurisdiction of another.

3. Whether a party in one state, attempting to enforce involuntary servitude upon an individual within another, creates a duty to intervene by the Courts of both states and whether a failure to intervene by either court, once protection is sought, is a violation of the protection-seekers Thirteenth Amendment right to be free of involuntary servitude and/or Fourteenth Amendment right to equal protection of law.

4. Whether equal protection of law requires that an ***Expressio Unius Est Exclusio Alterius Canon of Construction*** approach which dictates "The enumeration of specific items implies the exclusion of all others", be applied by this Court to the Thirteenth Amendment clause, "except as a punishment for crime whereof the party shall have been duly convicted" as the **<u>first test</u>** in determining if a Court must grant discovery over claims that involuntary servitude "exists" in Texas.

[2]We need not address Headman's remaining points of error regarding the merits of his complaint because (1) the trial court did not rule on the merits, and (2) our affirmance of the special appearance is dispositive.

3

**III.    Conclusion**

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    April 13, 2023
Date Decided:      April 26, 2023